Rozek, Respondent, vs. Redzinski and others, Appellants.

*February 1 — May 1, 1894.*

*Fraudulent conveyances: Action in aid of execution: Appeal: Evidence: Fees of party as witness: Husband and wife: Mortgage of homestead and other lands: Direction as to foreclosure.*

1. A judgment creditor who has obtained a lien upon his debtor's property by levy of execution thereon has the right, independently of sec. 3186, R. S., to maintain an equitable action to set aside fraudulent claims of third persons upon such property.

2. In an equitable action tried by the court it will be presumed on appeal that the trial court gave no weight to incompetent testimony received under objection.

3. In an action to set aside fraudulent conveyances of the property of one of several judgment debtors, deeds tending to show that some of the other judgment debtors had made conveyance of their property are inadmissible unless the defendants are in some way connected therewith.

| | |
|---|---|
| 87 | 525 |
| 90 | 579 |
| 87 | 525 |
| 93 | 243 |
| 87 | 525 |
| 95 | 301 |
| 95 | 617 |
| 87 | 525 |
| 97 | 367 |
| 87 | 525 |
| 98 | 66 |
| 98 | 230 |
| 87 | 525 |
| 105 | 586 |
| 87 | 525 |
| 108 | 181 |
| 87 | 525 |
| 109 | 320 |
| 87 | 525 |
| 53 LRA | 646 |
| 87 | 525 |
| 115 | 286 |
| 60 LRA | 411 |
| 87 | 525 |
| 117 | 210 |

4. A defendant who is present in court may be called upon to testify as a witness for the plaintiff, without payment of his fees in advance.

5. The real estate of a debtor, including his homestead, was conveyed, for an expressed consideration of $1,500, to one G., and by him was soon after conveyed, for an expressed consideration of $1,600, to the debtor's wife, who was not shown to have had any separate estate. Upon the evidence, such conveyances are *held*, except as to the homestead, to be fraudulent and void as against creditors.

6. In an action by a judgment creditor in aid of execution, to set aside such conveyances and a mortgage given by the debtor's wife, such mortgage was held valid, as against the plaintiff, as to all the land, but the judgment provided that the mortgagee should look first to the homestead for the satisfaction of the mortgage. *Held*, that that part of the judgment was erroneous because, (1) the action not being to foreclose the mortgage, the court had no jurisdiction to make such requirement, and (2) it is in violation of sec. 3163, R. S., which provides that in the foreclosure action, if the premises other than the homestead can be sold separately without injury, " the court *shall* direct in the judgment that the homestead shall not be sold until all the other mortgaged lands have been sold."

APPEAL from the Circuit Court for *Brown* County. The facts are sufficiently stated in the opinion.

*Thomas R. Hudd*, for the appellants.

For the respondent there was a brief by *Cady & Huntington*, and oral argument by *F. C. Cady*. To the point that the action would lie, they cited *Gates v. Boomer*, 17 Wis. 457; *Hyde v. Chapman*, 33 id. 391, 400; *Mason v. Pierron*, 63 id. 245; *Marston v. Dresen*, 76 id. 418; *Daskam v. Neff*, 79 id. 161; *Cornell v. Radway*, 22 id. 264; *Galloway v. Hamilton*, 68 id. 653; *Adsit v. Butler*, 87 N. Y. 585.

The following opinion was filed February 23, 1894:

ORTON, C. J. This is a suit in equity, in aid of an execution. The facts are, substantially and briefly, as follows:

The defendant *Martin Redzinski* and four others were partners in the ownership and operation of a steam thresher, and while engaged in threshing the grain of the plaintiff,

in March, 1891, negligently permitted fire to escape and burn up the property of the plaintiff, of the value of about $1,645.93, for which sum the plaintiff obtained judgment against them, as damages and costs, June 24, 1892. On the 21st day of November, 1892, an execution on said judgment was levied on forty acres of land as the property of the said defendant. But after the said burning, on the 20th day of January, 1892, the said defendant *Martin* and his wife, *Katazyna Redzinski*, conveyed said forty acres of land, together with another forty acres of land which was the homestead of the said *Martin*, to one John Gajewski, and the deed was recorded. On the 12th day of February, 1892, the said John Gajewski and his wife conveyed back both of said forty-acre tracts to the said *Katazyna*, the wife of the said *Martin Redzinski*. The consideration named in the first deed was $1,500, and that named in the last was $1,600. The said *Katazyna* thereafter occupied the same homestead forty as her homestead. The defendants to said judgment have no personal property whatever, and no real estate sufficient to satisfy the same. On June 30, 1892, the said *Katazyna* mortgaged both of said forties to secure the payment of $500, to one *Nobert Kersten*. The object of the action is to have these conveyances and the mortgage set aside as to the forty acres not so claimed as a homestead, as being fraudulent and void as to the creditors of the said *Martin Redzinski*.

The court found these facts, and that said conveyances, so far as they related to the forty acres not a homestead, were fraudulent and void, and that the said judgment is a lien on it, but that the said *Kersten* mortgage was not tainted with any fraud and was valid, but that the said mortgagee, *Kersten*, must cause the said homestead forty to be first sold for the satisfaction of the said mortgage, and that the other forty be sold only for the deficiency, if any, after the sale of said homestead. Judgment was en-

tered to this effect, and the defendants have appealed therefrom.    The errors assigned will be considered in their order:

1. On demurrer *ore tenus*, that the action will not lie and the complaint is insufficient.    "The right of a judgment creditor who has obtained a lien upon his debtor's property by the levy of an execution thereon to maintain an equitable action to set aside fraudulent claims of third persons upon such property exists independently of sec. 3186, R. S."    *Ahlhauser v. Doud*, 74 Wis. 400; *Gilbert v. Stockman*, 81 Wis. 602; *Evans v. Laughton*, 69 Wis. 144; *Galloway v. Hamilton*, 68 Wis. 653.    See many other cases cited in respondent's brief.    That such an action may be maintained has been too often decided by this court to be an open question.    All the facts necessary to give the court jurisdiction appear to be alleged in the complaint, and such facts, if proved, would entitle the plaintiff to the relief demanded.

2. That the said John Gajewski being dead, his statements concerning the transaction cannot be proved.    That is clearly so, and such evidence in an action at law triable by a jury would be error.    But this is an action in equity triable by the court, and such an error cannot be assigned. If, however, there was not sufficient evidence of the same facts to sustain the judgment without it, then the judgment should be reversed as resting on incompetent testimony.    This testimony was received under objection, and the learned counsel of the respondent state in their brief that the court declared it to be inadmissible before making its findings of fact.    It is to be presumed that the court gave no weight to such incompetent testimony, unless the contrary appears.

3. The court received in evidence, under objection, certain deeds tending to show that some of the other defendants to the judgment had made conveyance of their prop-

erty after the burning, and in one instance to the said Gajewski. Without in some way connecting these defendants with such a disposition of their property by the other defendants to the judgment, such testimony was clearly incompetent; but it was immaterial and harmless, and could have had no weight with the court in finding the conveyances of the defendants in this case fraudulent. But such clearly incompetent evidence ought not to have been received, even incautiously or temporarily.

4. The defendant *Martin Redzinski* refused to be sworn as a witness on behalf of the plaintiff until his witness fees were paid. The court ruled that, being present in court, he must testify without the payment of his fees. The statute (sec. 4057, R. S.) provides only that "no person shall be obliged to *attend* as a witness, unless his fees are paid or tendered to him," etc. This person *attended* as a witness without the payment or tender of his fees, and therefore waived their payment or tender in advance. He was too late in demanding his fees.

5. That the court should have found the issues in favor of the defendants *Martin Redzinski* and *Katazyna*, his wife. Their intent to defraud his creditors, and particularly the plaintiff, in the conveyances of the forty acres other than the homestead forty, appears to have been very clearly proved. The said *Martin* was the only witness as to the sale. He testified that since the sale he has been living right along on the eighty acres as a farm, and that he never saw John Gajewski on the place while he owned it, and that he is now working on the place, without wages, for his wife, only she buys his clothes. When he sold the farm he got the whole $1,500 in money, and left it on the bureau, and when he needed money he took some, and his wife took what was left to buy the place back with. She paid that money and the $500 she got from *Kersten* in buying the farm back. He sold considerable personal property to his wife, which.

was on the farm. It appears that *Katazyna,* his wife, bought the farm back again in February, 1892, about a month after the sale to Gajewski, and the mortgage to *Kersten* was given in June thereafter. She could not have had that $500 when she bought the farm back, to pay on it. At all events that mortgage money belonged to said *Martin.* This scheme to sell the farm and *keep it,* is very transparent. It was to put the farm in the name of his wife for protection against the judgment of the plaintiff. There is no proof that his wife had any separate estate, and this is necessary in such a case. *Horton v. Dewey,* 53 Wis. 413 ;. *Fisher v. Shelver,* 53 Wis. 500; *Hooser v. Hunt,* 65 Wis. 71; *Gettelmann v. Gitz,* 78 Wis. 442. This device between husband and wife to protect his property from his creditors is a very common one, and very seldom prevails. *Hoxie v. Price,* 31 Wis. 86; *Horton v. Dewey, supra; Fisher v. Shelver, supra; Breslauer v. Geilfuss,* 65 Wis. 387. There is strong probability that no consideration was ever actually paid for either conveyance. If there was the show of payment of $1,500, that could well have come from the sale of the personal property so as to secure that also. The consideration of one deed being $1,500 and the other $1,600 proves nothing but a studied effort to make them different and appear fair. At all events, all the money in sight belonged to the defendant *Martin.* The conveyances were voluntary as well as fraudulent. The defendant divested himself of all of his property and became insolvent at once by this fraudulent collusion with his wife through the medium and intervention of Gajewski. His own testimony and the circumstances make very clear his intent to defraud his creditors.

6. That part of the judgment which requires the defendant *Kersten* to look first for the satisfaction of his mortgage to the homestead forty acres before he proceeds against, or in any manner interferes with, the other forty-acre tract described in said mortgage, and then only for such bal-

ance as may not be satisfied by the sale of the homestead, is clearly erroneous and must be reversed: (1) This action is not to foreclose the *Kersten* mortgage, and the court had no jurisdiction to require the court in which some future action to foreclose said mortgage may be brought to make any special order for the sale of the homestead. (2) This part of the judgment is in direct violation of the statute (sec. 3163, R. S.) which provides that, in case the part of the mortgaged premises not included in the homestead can be sold separately therefrom without injury to the interests of the parties, "the court *shall* direct in the judgment that the homestead shall not be sold until all the other mortgaged lands have been sold." The court here spoken of is the court in which the mortgage is foreclosed. This statute is imperative, when the conditions named in it are found to exist, and there are no exceptions and no other conditions in it. This court has decided that *fraud* cannot be alleged as of a conveyance of the homestead. Fraud cannot affect the homestead or other exemptions in any manner whatever. *Bond v. Seymour*, 2 Pin. 105; *Dreutzer v. Bell*, 11 Wis. 114; *Pike v. Miles*, 23 Wis. 164; *Hibben v. Soyer*, 33 Wis. 319. This statute gives an additional homestead right, and is made especially to favor and protect that right. Mr. Justice COLE said in *Smith v. Wait*, 39 Wis. 514: "In deference to the policy of that statute, it is the duty of the court of equity to favor the homestead right, as against the equities of creditors arising under the former rule. In the present case the circuit court ordered the homestead to be first sold to satisfy the plaintiff's mortgage in order to benefit [one] who has taken an imperfect security. This we think was error, and must work a reversal of the judgment." This language could not be more appropriate if it had been used in this case. In *Hanson v. Edgar*, 34 Wis. 653, this statute was applied strictly, as against the equities of the old rule. The courts

Rozek vs. Redzinski and others.

should not make exceptions to positive and imperative statutes not found in them.   This would be legislation.

It would seem that, in order to create a reason for this departure from the statute, the findings and judgment as to the *Kersten* mortgage are contradictory.   First, it is a conclusion of law by the court " that, as against the plaintiff and the other defendants, defendant *Kersten's* mortgage is a valid claim on both forties," and " defendant *Kersten* is entitled to recover costs from the plaintiff."   This is plain enough, but again the court found " that, as between the plaintiff and the defendants *Martin* and *Katazyna*, the mortgage to the defendant *Kersten* was fraudulent and void."   This is plainly contradictory, in order to make the fraud of the wife, *Katazyna*, a reason for changing the rule of the statute as to her homestead.   After the court found the *Kersten* mortgage " a valid claim on both forties," that was the end of that matter, and the court had no right to go further and adjudicate as to that mortgage.   But the court, after finding the mortgage valid, went further and directed the court in which the mortgage might be foreclosed, whenever and wherever that might be, to violate this statute as to the order of sale of the mortgaged premises.   This part of the judgment must therefore be reversed.

*By the Court.*— That part of the judgment that directs the defendant *Kersten* to " look first for the satisfaction of his mortgage to the N. W. ¼ of S. W. ¼ of section 15 [the homestead forty acres] before he proceeds against or in any manner interferes with [the other forty acres in section 16], and that the plaintiff may proceed to the sale of said tract free from any claim of *Katazyna*, and free and clear from any claim of the defendant *Kersten* save for any balance that may be found due on his mortgage after exhausting the above-named tract in section 15," is reversed, and the judgment of the circuit court otherwise is affirmed, without costs to either party, except that the appellants pay the

costs and fees of the clerk of this court; and the cause is remanded for further proceedings.

Upon a motion by the respondent for a rehearing, his counsel contended that the part of the judgment which is reversed is not in violation of sec. 3163, R. S. If the mortgage were now to be foreclosed, *Kersten* would be the proper plaintiff and the defendant *Katazyna* and the present plaintiff, *Rozek*, the proper defendants. *Kersten* could insist that his mortgage was valid as to both forties, for *Katazyna* appeared to own them when the mortgage was given; but it would be immaterial to him in what order they were sold, and so far. as any right of his is concerned *Rozek* could invoke the old equitable rule. *Jones v. Dow*, 18 Wis. 241; *White v. Polleys*, 20 id. 504; Jones, Mortg. 725, 728, 731, 1286, 1628-32. No one could invoke the statute except the owner of the homestead, *Katazyna*. She cannot invoke it, for while she *appeared* to own the other forty when the mortgage was given she did not own it. Her title is held fraudulent as to the plaintiff. Being so, how can it have any force, farther than to protect the innocent mortgagee? It is right that the law should protect homesteads, but not that the homestead laws should be allowed to protect the owners of homesteads in obtaining the property of others by fraud.

. The motion was denied May 1, 1894.