WISCONSIN MORTGAGE & SECURITIES COMPANY, Plaintiff and Respondent, vs. KRIESEL and others, Defendants: HOENIG, interpleaded, Respondent, vs. MEYER, Appellant.

*December 8, 1926—January 11, 1927.*

*Homestead: Determination upon foreclosure of mortgage: Correction of erroneous description in judgment: Lien of judgments not indexed alphabetically: Subsequent good-faith lienholders: Subrogation: Person advancing money to pay prior liens: Clerks of court: Failure to index judgment: Liability: Necessity of showing damage.*

1. In an action for the foreclosure of a mortgage, the trial court could, under Circuit Court Rule XXV, make appropriate findings as to the existence of a homestead, though the owners of the homestead did not appear or in any wise assert their homestead exemption.   p. 606.
2. An erroneous description of property set off as a homestead may be corrected on return to the lower court.   p. 606.
3. A judgment docketed against the owner of real estate before the execution and recording of a mortgage thereon, but which judgment was not until after such recording entered by the clerk in the judgment docket index as required by sec. 270.74, Stats., is inferior to the lien of the mortgage, the mortgagee having no actual knowledge of the judgment.   p. 607.
4. Plaintiff, making a loan on real estate to the owner, against whom the judgment had been docketed but not entered in the docket index in accordance with sec. 270.74, Stats., was not required to make further search after having examined the index, and after such examination was justified in taking a

new mortgage on the premises instead of an assignment of prior outstanding mortgages. p. 607.

5. One claiming under the lien of a judgment could not complain of a judgment of foreclosure which adjudged the mortgage to be a prior lien only to the extent of the money loaned thereunder to discharge prior mortgages, since the entire mortgage debt was in fact superior to the lien of the judgment, under. sec. 270.79, Stats. p. 607.

6. Where the plaintiff mortgagor loaned money for the express purpose of paying off prior liens on real estate, taking a mortgage therefor in good faith and with due diligence, it was subrogated to the claims of prior lienholders as against the claimant, the owner of a judgment which was docketed prior to the execution of the mortgage but subsequently indexed. p. 607.

7. In a contest for priority between a mortgagee and a judgment creditor, the latter could not recover against the clerk of the court for delay in entering the judgment in his docket index, where the actual loss resulting to the judgment creditor was not shown because no sale had been had under the decree, a showing of actual loss being necessary whether the liability of the clerk was asserted under sec. 270.84, Stats., providing treble damages for failure to docket the judgment, or under sec. 59.39, sub. (7), requiring the clerk to keep proper records, or under the substantive law as to liability for breach of duty. p. 608.

8. A decree of sale providing for the exhausting of non-exempt property before a sale of the homestead is proper, as the homestead up to the value of $5,000 would be exempt from the judgment lien. p. 609.

9. The subjection of the homestead to the lien of a mortgage by voluntary acts did not lessen the rights of the owners as against other creditors to assert the $5,000 homestead exemption, or the proceeds of the sale of the homestead in like amount if held for the purpose of obtaining another homestead. p. 609.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed*.

Contest as to priority of liens on the real estate of defendants *Herman Kriesel* and wife.

February 9, 1922, a default judgment was duly taken in said court against said *Herman Kriesel* for $859.71. It

was then duly docketed in the court of record; defendant's name duly listed in the index for such record; entered by the clerk in his judgment book or docket, but it was not entered until much later in the judgment docket index provided for by sec. 270.74, Stats. The judgment was subsequently assigned to the appellant, *Henry F. Meyer*. Execution was issued, and the property, other than the homestead, was sold in April, 1923, *Meyer* buying at such sale, and a deed was given December 1, 1924.

In February, 1922, defendant *Kriesel* occupied as a homestead one forty of the 120-acre farm, and there were four several mortgages outstanding, some many years old and aggregating $3,000.

In April, 1922, *Kriesel* made a written application to plaintiff for a $5,000 loan to be secured by first mortgage, reciting that his purpose was to pay the mortgage debt of $3,000 and other debts of $2,000 for improvements. A mortgage for $5,000 was executed by *Kriesel* and wife to plaintiff and recorded July 8th. The abstract of title furnished, as agreed by *Kriesel,* was extended to and beyond July 8th, showing the prior mortgages, but not showing the judgment of February 9th. August 7th the final payments were made by plaintiff on account of such loan. These payments included $3,918.36 on account of the prior mortgages, which were then duly released or satisfied, and about $850 in cash to *Kriesel*. Subsequently the attorney for *Meyer* called the attention of the defendant *Hoenig*, who was clerk of the court in February and thereafter, to the failure to enter the name of *Kriesel* as a judgment debtor in the index. *Hoenig* corrected this oversight or neglect by making a proper entry in such index of judgment debtors some time between September 23 and 30, 1922.

September 27, 1925, this action was commenced to foreclose plaintiff's mortgage of July, 1922, and *lis pendens* was filed. No allegation was made as to there being any homestead interest.

The defendant *Meyer* asserted priority for his judgment lien, sale, and deed thereunder; interpleaded *Hoenig,* the clerk of court, and claimed the damages from him that might follow from the failure to promptly index the judgment of February, 1922.

After trial the court disposed of the cause substantially as follows, and finding:

The amount due plaintiff for principal, interest, and taxes to be $6,314.46.

That forty acres of the farm were at the times the several liens arose the homestead of defendant *Kriesel* and wife.

That the non-exempt property should be first sold and out of the proceeds there should be paid:

(a) The taxes paid in 1925 by defendant *Meyer* of $19.59. (No question is raised as to this item.)

(b) To plaintiff the taxed costs of $190.56 and $100 attorney fees. (This is also unquestioned.)

(c) To plaintiff the sum of $3,918.56—the amount paid by it to satisfy the prior and then outstanding mortgages out of the $5,000 loan of August, 1922. (The right to such subrogation is here disputed.)

(d) Surplus if any to apply on the *Meyer* judgment.

Also: In case plaintiff's mortgage be not satisfied by the sale of the non-exempt property, then the homestead forty acres be sold for that purpose, the surplus if any to be paid into court.

Provisions, not material here, were made for interest on the various sums, taxes, and other expenses.

*Meyer's* cross-complaint was dismissed. Defendant *Meyer* appeals.

*F. Y. King* of Tigerton, for the appellant.

For the respondent *Wisconsin Mortgage & Securities Company* there was a brief by *George J. Leicht* and *Earl B. Hawks,* both of Wausau, and oral argument by *Mr. Leicht.*

For the respondent *Hoenig* there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter.*

ESCHWEILER, J.   Although the owners of the homestead did not appear, answer, or in any wise assert that exemption, the trial court very properly, and under Circuit Court Rule XXV so providing, inquired as to the situation and made appropriate findings as to the existence of the homestead, and none of those here asserting liens against the property can be heard to object to such findings.   The findings and judgment describe the homestead as the N. W. ¼ of the S. E. ¼ of section 5, although in the testimony it is stated as being the S. W. ¼ of the S. E. ¼, and if there be error in the description it may of course be corrected on return to the court below.   Some suggestion was made below and is here that the homestead had been abandoned at the time of trial, but no finding to that effect appears to have been requested by any party, none such made, and the evidence and record is such that any possible abandonment or loss of homestead exemption cannot now be considered.

The appellant *Meyer* claims that his judgment of February, 1922, should be the superior lien,—it antedating plaintiff's mortgage, which was dated and recorded in July, 1922.

For such a judgment to become a lien upon the debtor's real property, other than the homestead, it must, under sec. 270.79, Stats., first be docketed in the county where such real property is found.   To be so docketed it must, under sec. 270.74, be entered by the clerk in a book or books to be kept by him—that is, in a judgment docket which may be arranged alphabetically (which was not the case here), or, if the judgment docket is not so arranged, then also in an alphabetical index to accompany such docket.   In either event the name of the judgment debtor (who may be either plaintiff or defendant in an action) must be entered at length, etc. That the particular term used by the clerk in keeping or referring to any of such records was, in this instance, perhaps, not technically accurate, is entirely immaterial.

The judgment here was duly entered in a proper record at the time it was rendered in February, 1922; it was, however, not entered in the usual and proper index above mentioned until September. For such failure to so index and to comply with the statute it did not become a lien upon the debtor's real estate as against those in the meantime taking security thereon without actual notice. The court found, and there is ample support for it, that the plaintiff had no actual knowledge of the February judgment until after it had paid over the $5,000 and long after its mortgage was recorded.

The required search on plaintiff's behalf for judgment liens needed to go no further than was done in this case, and, such index having been examined and being barren of any reference to this judgment, reliance might properly be placed by plaintiff upon such search in obtaining satisfactions instead of assignments of the several prior outstanding mortgages and in advancing the rest of the loan. This proposition was so settled in *Davis v. Steeps,* 87 Wis. 472, 58 N. W. 769, 23 L. R. A. 818; *McKenna v. Van Blarcom,* 109 Wis. 271, 85 N. W. 322.

We think this disposition of the case takes away any question of the power or duty of the court, as between the plaintiff mortgagee and *Meyer,* the defendant judgment creditor, to permit the plaintiff to be subrogated to the rights of the prior mortgagees whose liens were satisfied of record when plaintiff paid out the $3,918.36 in August and before the index entry of the judgment was made. If, as we now hold, plaintiff's mortgage by prior recording became a superior lien on the debtor's real estate ahead of the judgment, belated in recording, it became such superior lien for all purposes and to its full extent and needed no support by being subrogated to the prior liens for payment of which a portion of the $5,000 advanced was used. That the trial court

may have given the appellant more than he was entitled to receive is, of course, not a matter of which he may complain.

If such subrogation were necessary, however, it could, under the facts here shown, properly have been granted. Plaintiff was not a mere volunteer; its money was loaned for the express purpose of taking care of the prior liens; it acted in good faith and with due diligence. *Levy v. Martin,* 48 Wis. 198, 4 N. W. 35; *Iowa County Bank v. Pittz,* 192 Wis. 83, 211 N. W. 134.

The cross-complaint of *Meyer,* the judgment creditor, against *Hoenig,* the clerk of the circuit court, upon the record presented on the trial, was properly dismissed. We consider it unnecessary to here determine any of the questions presented and argued as to possible liability of a clerk of a circuit court for damages consequent upon neglect or failure to make proper and complete record entries of such judgment, whether such liability be asserted under the terms of sec. 270.84, Stats., providing for treble damages sustained by reason of fault or neglect of the clerk in failing to docket such a judgment at the proper time; under sub. (7), sec. 59.39, making it the duty of such clerk to keep proper records; or under the substantive law as to liability for neglect of duty. It is rendered unnecessary because of failure by *Meyer* to show actual loss or damage to him resultant from such failure of the clerk. Until such a foundation is laid there could be no legal liability established under any one or more of the three above suggested possible grounds. *Johnson v. Brice,* 102 Wis. 575, 580, 78 N. W. 1086; *Hahn v. Petters & Co.* 189 Wis. 145, 207 N. W. 291; *Rising v. Dickinson,* 18 N. Dak. 478, 121 N. W. 616, 23 L. R. A. N. S. 127 and note.

It being incumbent upon the judgment creditor to show not merely breach of official duty by the clerk of the court but actual financial loss by such default, we have the follow-

ing situation: The homestead up to the clear $5,000 value would be exempt from this judgment lien; it was the duty of the trial court, and he so acted, to provide that this homestead exemption should be favored and non-exempt property to be first exhausted. *Rozek v. Redzinski,* 87 Wis. 525, 531, 58 N. W. 262. See, also, *Berger v. Berger,* 104 Wis. 282, 285, 80 N. W. 585. To that end he directed the non-exempt property should be first sold and out of the proceeds there should be paid the amount of the outstanding prior mortgages in existence at the time of the entry of the judgment. This amount of money was advanced for the purpose and used in taking up the concededly valid obligations then existing against the entire property, and which, if they had been foreclosed, would also have required the exhaustion of the non-exempt property for their satisfaction before recourse was had to the homestead. Such directions were eminently proper to be made by a court of equity determining the rights of several claimants to a debtor's property or fund. The court further provided that any surplus after such application of the proceeds from the sale of the non-exempt property should be applied on the judgment lien, and this is all the judgment creditor could expect to receive. How much such surplus might be could not be told at the trial other than by the testimony as to estimated values, and from these it would appear that the proceeds of the non-exempt property would be exhausted in their application on prior liens to those of the judgment creditor. That the homestead was subjected by voluntary acts of the defendant *Kriesel* and his wife to incumbrances did not lessen their right as against other creditors to assert the homestead exemption up to a clear $5,000 and to such a sum from the proceeds of any sale if held for the purpose of obtaining another homestead. Sec. 272.20 (sec. 2983). The cross-complaint of *Meyer* was therefore properly dismissed so far as the showing at

the trial is concerned. It is not intended hereby to foreclose him from asserting rights at the foot of the judgment herein or by other proceedings to any of the funds resulting from the sale of the real property in this action or as against defendant *Hoenig,* if any such rights he may have.

*By the Court.*—Judgment affirmed.