**In the Matter of William T. CLARK a/k/a Ted Clark, Debtor.**

**Bankruptcy No. MM7–89–00110.**

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 12, 1989.

J. Thomas Haley, Madison, Wis., for debtor.

Peter M. Gennrich, Madison, Wis., for Fleming.

Michael E. Kepler, Madison, Wis., trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The debtor has claimed $6,713.55 in proceeds from the sale of his homestead exempt under state law. Kathryn Fleming, who purchased the debtor's homestead at a tax sale, has objected to this exemption.

Mr. Clark's home was sold on July 20, 1988 by the IRS to satisfy a federal tax lien of $55,786.45. Ms. Fleming paid $62,500.00 at the tax sale, and took the property subject to a mortgage and various judgment liens senior to that of the IRS. Using the Debtor's schedules, I roughly calculate that at the time of tax sale the encumbrances senior to the IRS were the following:

| Lienholder | Amount of Lien | Date Recorded |
|---|---|---|
| Knutson (mortgage) | $52,250.00 | 10/02/74 |
| Anchor Coatings (judgment) | $ 6,022.19 | 06/02/80 |
| Rock City Nat. Bank (judgment) | $ 1,039.50 | 02/22/81 |
| L & W Supply (judgment) | $    54.80 | 11/03/81 |
| Burford Carr (judgment) | $ 1,279.00 | 03/01/82 |
| Chromalloy (judgment) | $   266.00 | 12/07/82 |
| Maple Leaf Motel (judgment) | $   177.95 | 03/21/83 |
| Sutherland (judgment) | $   114.46 | 06/06/83 |
| Mutual S & L (judgment) | $   539.61 | 02/29/88 |
| City of Madison (judgment) | $    80.50 | 03/15/88 |
| DILHR (judgment) | $ 2,054.25 | 07/14/88 |
| TOTAL | $63,878.26 | |

Prior to Mr. Clark's filing bankruptcy on January 18, 1989, the statutory period for redemption of the property from the tax sale expired.[1] Sometime thereafter, the IRS issued a deed to Ms. Fleming. After deducting all tax liabilities from the sale proceeds, the IRS turned the surplus of $6,713.55 over to the debtor, who has remitted it to the trustee pending resolution of his exemption claim. The parties have stipulated that the debtor has held the refunded proceeds with an intent to invest them in a new homestead.

In an earlier proceeding, I held that the debtor could not exempt the homestead itself since he no longer had any interest in it at the time of filing. The debtor has now amended his schedules to claim an exemption in the proceeds of his former homestead. The Wisconsin homestead exemption statute provides in relevant part:

---

1. The tax debtor is given 180 days to redeem real property. *See* 26 U.S.C. § 6337(b)(1) (1982 & Supp V).

An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $40,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. *The exemption shall not be impaired ... by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $40,000, while held, with the intention to procure another homestead with the proceeds, for 2 years.*

Wis Stat § 815.20(1) (1987–88) (emphasis supplied).

At the hearing on this matter, I suggested that *In re Hazard,* 116 B.R. 668 (Bkrtcy. W.D.Wis.1989) may be dispositive of the issue presented here, and, I invited additional briefs after the decision on that case was rendered. Although *Hazard* applies to this case, it does not lead us the entire distance to an answer. In *Hazard,* I held that under applicable nonbankruptcy law a federal tax lien has priority over a previously docketed judgment up to the amount of the debtor's homestead exemption. To the extent that the IRS "primes" the judgment lien in this way, the debtor's homestead exemption is exhausted. Under the facts of that case, an IRS lien for some $35,000.00 was held to have priority over a previously docketed judgment lien, thus leaving the debtor with a homestead exemption of $5,000.00. ($40,000.00 Wisconsin Homestead exemption less $35,000.00 exhausted by the tax lien.) In the present case the tax lien and debt to the IRS exceed the $40,000.00 exemption, so that they must be satisfied in part from sources other than the available exemption. The central issue in this case, then, is the allocation of payments between the available sources.

Here, a tax lien, recorded after a number of judgments, was paid from the proceeds of the forced sale of the homestead. The sale did not the extinguish the judgment liens. Rather, the tax sale purchaser took subject to all encumbrances senior to the tax lien. Pursuant to *Hazard,* the payment of the tax lien must be considered to have exhausted the homestead exemption to the extent the tax lien was paid from the proceeds of exempt property.

Ms. Fleming paid $62,500.00 in addition to assuming the mortgage and judgment liens. Thus, because the tax liens totalled only $55,786.45, Ms. Fleming paid $6,713.55 in excess of encumbrances which were satisfied. Ms. Fleming urges that we view this "surplus" as nonexempt property, it being the equity remaining after all liens are assumed or satisfied. To do so would require the conclusion that the IRS lien was satisfied by resorting to the entire $40,000.00 of the debtor's homestead exemption. The debtor urges us to view the surplus as arising from unused exemption value after the full price was applied first to the IRS' $55,786.45 tax lien. The debtor contends that only $33,286.45 of the debtor's $40,000.00 homestead exemption was exhausted by the tax lien, and that the $6,713.55 is the remainder of his exemption.

In *State Bank of Hartland v. Arndt,* 129 Wis.2d 411, 419–20, 385 N.W.2d 219 (1985), the Wisconsin Court of Appeals acknowledged that exemption laws are liberally construed in favor of debtors, and that a mortgagee holding security on nonexempt and exempt properties must first proceed against the nonexempt property, citing *Opitz v. Brawley,* 10 Wis.2d 93, 95–96, 102 N.W.2d 117, 119 (1960), *Anchor Savings & Loan Assn. v. Week,* 62 Wis.2d 169, 175, 213 N.W.2d 737, 739 (1974), *Wisconsin Mortgage & Security Co. v. Kriesel,* 191 Wis. 602, 609, 211 N.W. 795, 797 (1927), and *Dunn v. Buckley,* 56 Wis. 190, 192–93, 14 N.W. 67, 68–69 (1882). *See also Hanson v. Edgar,* 34 Wis. 653, 656 (1874); *Smith v. Wait,* 39 Wis. 512, 514 (1876). It has furthermore been determined that judgment creditors holding security on nonexempt and exempt properties must first proceed against the nonexempt property. *See, Wisconsin Mortgage & Securities Co. v. Kriesel,* 191 Wis. 602, 609, 211 N.W. 795 (1927); *Rozek v. Redzinski,* 87 Wis. 525, 531, 58 N.W. 262 (1894). The same reason-

ing must be applied to the IRS in this case at equity.

This matter may be more easily understood by comparing the entitlements had Ms. Fleming paid the exact amount of the tax lien, namely, $55,786.45, to the entitlements resulting from her actual payment in the amount of $62,500.00:

| Priority | $55,786.45 payment | $62,500.00 payment |
|---|---|---|
| 1. Knutson mortgage | $52,250.00 | $52,250.00 |
| 2. Debtor's exemption | 0.00 | 6,713.55 |
| Remainder of IRS tax lien | 40,000.00 | 33,286.45 |
| TOTAL: $40,000.00 | | |
| 3. Judgment liens | 11,628.26 | 11,628.26 |
| 4. Initial pymt. of IRS lien | 15,786.45 | 22,500.00 |

Absent the tax lien, the judgment creditors could have expected the first $52,250.00 from a foreclosure sale to go to Knutson, the next $40,000.00 to the debtor as a homestead exemption, and the remainder (some $30,000.00) to be available to satisfy their judgments. By permitting the fixing of the tax lien, the debtor did not affect the rights of the judgment creditors, but sacrificed his exemption to the extent necessary to satisfy the tax lien. *See Hazard.* The IRS remained junior to the judgment liens except to the extent of the exempt property which the IRS could reach but the judgment lienors could not. As has been established, however, once the entire purchase price was applied to the payment to the IRS, only $33,286.45 of the 40,000.00 exemption was needed to satisfy the tax lien. The debtor, as he claims, retains his exemption to the extent of the surplus on foreclosure of the tax lien, $6,713.55.

To hold that either the judgment lienors, whose interests were not foreclosed by the tax sale, or Ms. Fleming, the purchaser at the tax sale, is entitled to the surplus would be both inequitable and in apparent violation of Wisconsin law. *See First Wisconsin Trust Co. v. Rosen,* 143 Wis.2d 468, 474, 422 N.W.2d 128 (1988) (to permit the purchaser to purchase the property subject to all liens and encumbrances and then allow a lienor to satisfy its lien from the surplus would result in a windfall to the purchaser, who would thus receive the property free and clear of said lien). Ac-

cordingly, Ms. Fleming's objection must be dismissed.