## Worth vs. Hill and others.

The rule that in foreclosure cases, where different portions of the mortgaged premises have been conveyed to different persons subsequently to the execution of the mortgage, they are subject to sale, for the payment of the mortgage debt, in the inverse order of their alienation, may be controlled by other equitable principles where the facts render them applicable.

Where one creditor has security upon two funds, and another upon one of them only, the latter may compel the former to resort first to that fund which the latter cannot reach.

Where a tract of land is mortgaged to A, and a part of it subsequently, with other lands, to B, and the remainder afterwards to C, and in a suit to foreclose A's mortgage it appears that B's claim is amply secured by the lands in his mortgage not included in that of A, equity requires that so much of the first named tract as is included in B's mortgage shall be subject to sale prior to the remainder which is mortgaged to C.

Where the adequacy of the security which will remain to B, cannot be tested by an actual sale before the court is required to settle the conflicting claims of the parties, its adequacy may be determined upon the testimony of witnesses, but the court should in such a case act only upon clear proof of its entire adequacy.

APPEAL from the County Court of *Dane* County.

On the 11th of January, 1853, *Hill* gave a mortgage to one Whittlesey upon the N. E. qr. of the S. E. qr. of S. 32, T. 9, R. 10, and the E. hf. of the N. E. qr. of S. 5, T. 8, in

the same range.   This mortgage was assigned to one Luke Mowry, who obtained a decree for its foreclosure, in which it was directed that the land in S. 32 should be first sold for its payment.   The amount of the decree was $466, but no sale had been made under it.   On the 1st of November, 1854, *Hill* gave a mortgage to one Roys, for $400, on the S. hf. of the N. E. qr. of said S. 32, T. 9, R. 10, and the S. W. qr. of the N. W. qr. of S. 4, T. 8, R. 10.   This mortgage was assigned by Roys to *Worth*.   On the 28th of October, 1856, *Hill* gave a mortgage to one Durkee, on the E. hf. of the N. E. qr. of S. 5, and the S. W. qr. of the N. W. qr. of S. 4, in T. 8, R. 10 ; and this mortgage was assigned to the defendant *Buck*.   On the 11th of December, 1857, *Hill* gave a mortgage to Luke Mowry, on the S. hf. of the N. E. qr. and the N. E. qr of the S. E. qr. of S. 32, T. 9, R. 10.   Upon this mortgage there had been a foreclosure and sale, and the mortgaged premises were bought by the defendant *Jason Mowry*.   The mortgages were all recorded about the time of their respective dates.

The present action was brought by *Worth* to foreclose the mortgage assigned to him by Roys.   *Jason Mowry* asked in his answer, that the court should decree that the S. W. qr. of N. W. qr. of S. 4, T. 8, should be sold *first* for the satisfaction of the plaintiff's claim.   The defendant *Buck* demanded in his answer that the S. hf. of the N. E. qr. of S, 32, T. 9, should be *first* sold for that purpose.   On the trial a witness called by *Jason Mowry* testified that the E. hf. of the N. E. qr. of S. 5 (included in the mortgage held by *Buck*), was worth $2250, and that the amount due on that mortgage did not exceed $1400.   The county court rendered a judgment of foreclosure of the plaintiff's mortgage, but directed that the S. W. qr. of the N. W. qr. of S. 4, T. 8, R. 10, should be *first* sold for its payment, and from that part of the judgment *Buck* appealed.

*Julius T. Clark*, for appellant:

The invariable rule is, that where there are several subsequent purchasers or mortgagees of different portions of the land covered by the mortgage sought to be foreclosed, such portions will be ordered to be sold in the inverse order of

their alienation. *Schryver vs. Teller*, 9 Paige, 173 ; 1 Hilliard on Mort., 326 ; 2 id., 182 ; *Crafts vs. Aspinwall*, 2 Coms., 291.

*Carpenter & Sprague*, for respondent·:

1. The doctrine that if mortgaged premises have been alienated in parcels to different parties, they must be sold to satisfy the mortgage in the inverse order of alienation, is not sound.    A different rule prevails in the English courts. *Barnes vs. Rackster*, 1 Younge & Coll., New Rep., 401, and authorities there cited : *Bugden vs. Bignold*, 2 id., 377 ; *Aldrich vs. Cooper*, 8 Vesey, 391.    See also Am. Law Mag. for April, 1844, Art. 5.    The courts of Massachusetts hold a different doctrine. *Taylor vs. Porter*, 7 Mass., 355. So in some cases in New York. *Cheesebrough vs. Millard*, 1 Johns. Ch., 409 ; *Stevens vs. Cooper*, id., 425.    2. Since no part of the land claimed by *Mowry* is covered by the mortgage to *Buck*, no claim to priority can exist in favor of the latter.    The fact that *Hill* had mortgaged certain lands to *Buck*, could not prevent him from giving to *Mowry* a good title to other lands which he owned at the same time.    3. If the rule is as claimed by the appellant, it is only a rule established to do equity : and if great injustice is to be done by adhering to it in a given case, it will not be adhered to.    No injustice can be done to *Buck* by affirming the judgment, while a reversal of it would in effect take from *Mowry* the property he has paid for, and give it to the mortgagor.

*By the Court*, PAINE, J.    This was an action to foreclose a   December 11. mortgage, and the appeal presents a contest merely between two subsequent incumbrancers of different tracts covered by this mortgage, as to which was entitled, in equity, to have the tract of the other sold first.    Perhaps the following general statement of the situation of the parties, will be sufficient to a proper understanding of the question decided.

The mortgage being foreclosed covered two different tracts in different towns.    The defendant *Buck*, who is the appellant, held a mortgage next to this in point of time, covering one of the tracts contained in this mortgage, and other land not covered by this, in the same town.    The defendant *Mowry* held a mortgage next to *Buck's* in point of time, but

June Term,
1861.

WORTH
v.
HILL et al.

upon the land in the other town covered by this mortgage, and also upon another tract. Thus it will be seen that the mortgage of *Mowry* was not upon any part of the land mortgaged to *Buck*, but their interests conflict by reason of the mortgage which is being foreclosed, which is prior to both, and covers a part of the land incumbered by each of these defendants. It further appeared that there was a mortgage prior to all these, covering the tract in the *Buck* mortgage and the one in the *Mowry* mortgage which are not contained in the mortgage now being foreclosed, and that such prior mortgage had been foreclosed, and that part which was covered by *Mowry's* mortgage adjudged to be sold before the part covered by *Buck's*. It was further proved that the other tract covered by *Buck's* mortgage was ample security for the amount of the debt secured by that mortgage. It was even shown to be of greater value than the entire amount of the *Buck* mortgage and the first mortgage before referred to, prior to all, for the satisfaction of which the other tract covered by *Mowry's* mortgage had been adjudged to be first sold. Upon this state of facts, the court below decreed that the portion covered by *Buck's* mortgage should be sold in this foreclosure before that covered by *Mowry's*, and from that part of the decree *Buck* brought this appeal.

His counsel relies upon the established equitable rule, that in foreclosure cases, where the land has been subsequently conveyed by the mortgagor, it shall be sold in the inverse order of alienation. The justice of this rule has been some times questioned, but we regard it as not only well settled, but correct upon principle, and have repeatedly enforced it. But at the same time we think it may be controlled by other established equitable principles, where the facts render them applicable, and such we think was the case here. It is a familiar principle, that where one creditor has security upon two funds, and another has security upon one of them only, the latter may compel the former to resort first to that fund which he cannot reach. And although this is not a direct proceeding to accomplish that object, yet it is substantially that, inasmuch as *Mowry* sets up these facts to rebut the equity *Buck* would otherwise have as against him. For

the result, if the judgment had been otherwise, would have deprived *Mowry* of his security entirely. The one tract covered by his mortgage having already been adjudged to be sold first, for *Buck's* benefit, now if the other should be adjudged to be sold first, he would have nothing left. Whereas it appears by the testimony, that upon the decree as rendered, *Mowry* is protected, and *Buck* left with ample security for his debt.

Suppose A mortgages a tract to B, then gives a second mortgage on a part of it to C, which mortgage also covers other tracts, and then gives a mortgage on another part to D? On a foreclosure of B's mortgage, the ordinary rule, based merely on the order of alienation, would be to sell D's part first. But suppose D could show that the other tracts covered by C's mortgage were an ample security for his debt, would not that raise an equity sufficient to overcome the ordinary rule, and require, as between C and D, that C's part should be first sold? I think so; and that is substantially the relation which these defendants hold to each other in the present case. I can see no reason why the principle requiring the creditor having two funds to resort first to the one which the other creditor cannot reach, is not applicable to such a case. It is true that ordinarily the adequacy of the first fund might be tested by an actual sale, and the creditor who was compelled first to resort to that, might still be in a position to resort to the other, to supply any deficiency; and here *Buck* may not be left in such a position. I think that is good reason why such a decree as the one made in this case, should be made only upon clear proof of the entire inadequacy of the remaining security. But I am not prepared to say that courts should not act upon such proof, or that a party so situated has any absolute right to have the adequacy of his remaining security tested in all cases by an actual sale. It is obvious that such a test could not be had in a case like this, and consequently, if that rule were adopted, it would lead to the injustice of cutting off the last mortgagee entirely, though it might not be at all necessary for the protection of the second. Courts are constantly adjudicating upon the most important rights of parties upon the theory that human

testimony can establish facts with sufficient certainty to justify such adjudication, and I think the question of the adequacy or inadequacy of a security should form no exception.

I think the judgment should be affirmed, with costs, against the appellant, in favor of the plaintiffs and of *Mowry*.

Judgment affirmed accordingly.