DeKeyser and another, Appellants, vs. State Bank of Maplewood, imp., Respondent.

*September 17—October 11, 1927.*

*Mortgages: Sale of property subject to existing mortgage: Sale of other lands further securing underlying mortgage: Application of proceeds: Proceeding to sale without having priorities determined: Rights of first mortgagee.*

1. Where the pleadings and record in a mortgage foreclosure action showed an expressly recognized existence of a prior subsisting mortgage lien, bidders were entitled to assume, as against plaintiffs at least, who instigated the sale, that purchasers at the sale would buy but an equity in the property and take it subject to the prior mortgage. p. 66.

2. Plaintiffs having failed to assert a claim before the sale, as pro-

vided by sec. 278.09, Stats., that the land covered by their mortgage should be released from a prior mortgage covering such land and an additional sixty acres because of the sale of the sixty acres for an amount equal to the prior mortgage, and having permitted the sale and participated therein, could not have the land declared free from the prior mortgage after the sale.  p. 66.

3. In this case the holder of the first mortgage is *held* not entitled to any of the proceeds of sale under foreclosure of the second mortgage.  p. 67.

APPEAL from part of an order of the circuit court for Door county: HENRY GRAASS, Circuit Judge.  *Affirmed.*

Foreclosure commenced as to defendant O'Hern on January 28th and as to the other defendants on March 17, 1924, of two mortgages, each of June 26, 1920, and one of July 16, 1921, of $3,000, $2,500 and $1,000, respectively, given by the defendant Edward O'Hern to the plaintiffs, brothers, *John* and *Frank DeKeyser.*  No question is presented of priority between such three mortgages.

At the time of the giving of such mortgages the defendant Edward O'Hern owned 180 acres of land in said county, referred to hereinafter for convenience by letters, as follows: A, eighty acres in section 19; B, forty acres in section 24; C, forty acres, and D, twenty acres in section 13.

The three mortgages of plaintiffs covered the 120 acres, A and B.  There was outstanding a prior recorded mortgage on A, B, C, and D by defendant Edward O'Hern of March 28, 1918, for $3,600 given to the defendant Bank of Algoma.

September 27, 1921, a $600 mortgage was given on A and B to the defendant Merchants Exchange Bank, but no question concerning it is here involved.

November 16, 1923, Edward O'Hern gave to the defendant *State Bank of Maplewood* a mortgage on A, B, C, and D for $3,345.

March 3, 1924, the Bank of Algoma assigned to said *Bank of Maplewood* the mortgage of $3,600, the assignment

recorded March 6th and prior to the commencement of this foreclosure as against the two banks, the *lis pendens* herein being recorded on April 8, 1924.

The complaint, among other things, alleged in effect that prior to the execution of plaintiffs' mortgages the defendant Edward O'Hern falsely and fraudulently represented that the lands covered by the said mortgages, to wit, A and B, were free and clear of prior liens and incumbrances and that such would be first liens upon said 120 acres.

It was further alleged in the complaint, verified by both plaintiffs, that, as a matter of fact, at the time of the aforesaid misrepresentations there was an outstanding, existing mortgage lien against said property by reason of the $3,600 mortgage to the Bank of Algoma aforesaid, and that there was still unpaid thereon the said sum at the time of the commencement of this action.

It was further alleged that the defendants Merchants Exchange Bank, *State Bank of Maplewood,* and Bank of Algoma have or claim to have some interest or lien upon the said premises, or some part thereof, subsequent to the lien of the three mortgages to plaintiffs, and that such lien of the Bank of Algoma is by reason of a judgment in its favor of May, 1923. The complaint contains the usual prayers for relief and for the sale of the property unless redeemed.

The action was referred to have determined the amounts due and as to whether the property could be sold in parcels, etc. The referee reported thereon May 19, 1924, after testimony from the two plaintiffs and another had been received.

Judgment was entered in the usual form on May 26, 1924.

January 15, 1925, the following transactions were had:

The *Bank of Maplewood,* for the alleged consideration of $1,800, released from its mortgage of November, 1923, aforesaid, the last in point of time, the sixty acres included in C and D; it also released, in consideration of the recited

sum of $849.49 (being the accrued interest), C and D from the first mortgage to the Bank of Algoma, of which it held the assignment, *supra*.

Edward O'Hern, grantor in all of the aforesaid mortgages, gave a warranty deed of the sixty acres, C and D, for the recited consideration of $3,600, to the defendants, his brother Joseph O'Hern, and the latter's wife, Frances.

Joseph O'Hern and wife gave a $2,500 mortgage to the *Bank of Maplewood,* and to Edward O'Hern a subsequent mortgage for $1,100, all on the same sixty acres, C and D.

Edward O'Hern assigned the aforesaid $1,100 mortgage to the *Bank of Maplewood.* The $3,600 consideration for the sale to the defendants Joseph and his wife was represented by the two mortgages of $2,500 and $1,100. The $849.49 was applied in payment of the interest then due on the first mortgage. The *Bank of Maplewood* applied the above mentioned $1,800 on its mortgage of November, 1923, for $3,345, *supra,* and then held the $1,100 assigned note and mortgage aforesaid so pledged, to secure $585 of other obligations owed by Edward O'Hern to it. Any surplus, plus interest, from the $1,100 mortgage was to be applied if and when paid on the $3,600 mortgage. There was no cash consideration paid on these transactions, all of which took place at the *Bank of Maplewood.*

The said deed, mortgages, and releases of January 15th were recorded January 16 and 17, 1925.

July 11, 1925, after due proceedings, the 120 acres, A and B, so covered by the three mortgages of plaintiffs, were sold by the sheriff pursuant to the judgment and bid in by and sold to the plaintiffs for the sum of $5,800, the highest sum bid for the same, and which was greater than the aggregate of bids made for specific parts of said A and B.

By the sheriff's report dated July 11th to the court of said sale, he certified, among other things, that the said *Bank of Maplewood* makes some claim to the amount bid

by·plaintiffs by reason of the prior mortgage of March, 1918, to the Bank of Algoma. A receipt was attached to the sheriff's report for payment to plaintiffs on account of the mortgage indebtedness of $5,071.37, the balance after expenses, etc.

Thereafter the plaintiffs obtained an order to show cause as against the *Bank of Maplewood* to have the report of sale confirmed, and also that the real estate so sold should be declared free and clear of the said $3,600 first mortgage to the Bank of Algoma.

Upon the hearing the facts above recited as to the transactions of January 15, 1925, were shown, and, from testimony taken, the court in effect found that the value of the 120 acres, A and B, covered by plaintiffs' mortgages was from nine to ten thousand dollars (though sold on foreclosure for $5,800), and of the sixty acres, C and D, $2,500.

After the hearing the court denied any claim·by the *Bank of Maplewood* to have given to it any part of the·$5,800, the sale price, and·also denied the plaintiffs' claim to have any other or further reduction of the first mortgage, and confirmed the sheriff's report of sale.

The plaintiffs appeal from so much of the order as denied them relief as against the first mortgage.

· For the appellants there were briefs by *Sanderson & Stapleton* of Sturgeon Bay, and oral argument by *T. H. Sanderson.*

*W. E. Wagener* of Sturgeon Bay, for the respondent.

· ESCHWEILER, J. The plaintiffs' position in substance is, that inasmuch as the prior mortgage to the Bank of Algoma of $3,600 covered the property included in their subsequent mortgages and sixty acres in addition thereto, and such sixty acres being sold by the mortgagor prior to the sale on foreclosure. (though subsequent to the judgment therein),

the doctrine of sales of mortgaged premises in the inverse order of alienation required that the proceeds from the sixty acres, so sold in January, 1925, at a paper price of $3,600, should be applied on the first mortgage, thereby relieving to that extent the 120 acres on which plaintiffs' securities as well as the first mortgage rested.

This doctrine as to the inverse order of alienation is the established law of this state. *Goss v. Lester,* 1 Wis. 43, 54; *Worth v. Hill,* 14 Wis. 559, 562; *State v. Titus,* 17 Wis. 241, 243; *Andersen Yard Co. v. Citizens State Bank,* 187 Wis. 60, 62, 203 N. W. 921. It is the rule elsewhere, although not universal. *Neely v. Williams,* 149 Fed. 60; 27 Cyc. 1219.

This rule, however, has no application here. The pleadings by the plaintiffs and the entire record of the case, all subject to inspection, afforded a source of information upon which prospective bidders might rely, and showed the expressly recognized existence of the prior, subsisting mortgage lien of the $3,600 mortgage to the Bank of Algoma. Upon such pleadings and records bidders would be entitled, as against the plaintiffs at least, to assume that purchasers at a sale, had at plaintiffs' instigation, would buy but the equity in the property and take it subject to such prior mortgage.

Plaintiffs have not asked to have the sale set aside and a new one had, but now rely entirely upon a claim that could have been determined before the sale.

By sec. 278.09, Stats., in the chapter on foreclosure of mortgages, ample provision is made in such an action, at any time after judgment and before a sale, for the bringing in of other parties, amending the proceedings, and to adjudicate such claims of priorities or rights as between any and all. The claim now made by plaintiffs should have been asserted by proper and timely application before the sale was had. Such was declared to be the proper method in *Scott v.*

*Webster,* 44 Wis. 185, 195; and in *Aiken v. M. & St. P. R. Co.* 37 Wis. 469, 480, it is declared that the proper place to have determined the order in which the mortgaged premises shall be sold is in the foreclosure judgment, or at least before the sale. Such method was followed in *Worth v. Hill,* 14 Wis. 559, 560, and *State v. Titus,* 17 Wis. 241, 245, *supra.*

Having failed to assert the claim the plaintiffs now make at the proper time and place, and having permitted the sale to be made and having participated in the same, all under the record, as they permitted it to rest up to the time of the sale, they cannot now have the relief which was so properly denied them by the court below.

The court was clearly right in denying to the *Bank of Maplewood,* as holder of the prior mortgage, any of the $5,800 proceeds of the sale, but as the bank has taken no steps to appeal from or review that portion of the order it will be given no further attention.

*By the Court.*—Order affirmed.