FIRST WISCONSIN TRUST COMPANY, Trustee of the Marion G. Struhelka Trust, an undivided ⅙ interest, First Wisconsin Trust Company, Trustee of the Charles L. Goldberg Trust for Ellen P. Stein, an undivided ⅙ interest, Samuel D. Gregg, an undivided ⅓ interest, Kate Goldberg, an undivided ⅙ interest, and Dr. Lynn McWilliams, an undivided ⅙ interest, Plaintiffs-Respondents,

v.

Michael D. ROSEN, Catherine Rosen, Sidney J. Friedman Irrevocable Trust by its Trustees, Gerald J. Kahn and Robert J. Friedman, Defendants-Respondents,

CONTINENTAL BANK & TRUST COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 87–0114. Oral argument December 14, 1987.—Decided February 10, 1988.*

(Also reported in 422 N.W.2d 128.)

† Petition for review denied. Review filed by Ronald Rosen, not a party to this action.

On behalf of the defendant-appellant the cause was submitted on the brief of *C. Scott Pryor* of *Howard, Peterman, Solochek, Grodin & Nashban, S.C.,* of Milwaukee. Oral argument by attorney *C. Scott Pryor* and attorney *James Grodin.*

On behalf of Ronald Rosen, not a party to the action, the cause was submitted on the brief of *Steven L. Stolper* of *Polacheck & Harris,* of Milwaukee. Oral argument by attorney *Steven L. Stolper.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Continental Bank & Trust Company appeals from an order confirming the foreclosure sale of real property. Continental argues that the trial court improperly awarded surplus proceeds from the sale to satisfy tax liens at the expense of foreclosed junior lienholders, depriving the junior lienholders of their only source of secured monies. We agree and therefore reverse.

First Wisconsin Trust Company commenced this action seeking foreclosure of its first mortgage on the real property of defendants Michael and Catherine Rosen. The Sidney J. Friedman Irrevocable Trust, by its trustees Gerald J. Kahn and Robert J. Friedman

(the trust), and Continental, both junior lienholders, were named as additional defendants.

At the foreclosure sale, Ronald Rosen was the successful bidder for $150,000, creating a surplus of $28,291.68 in excess of First Wisconsin's first mortgage. Prior to the hearing scheduled for confirmation of the sale, Washington county and the Town of West Bend (the tax agents) as holders of real estate tax liens each filed a claim for surplus under sec. 846.162, Stats. The trust and Continental also filed claims for surplus.

Despite evidence that the property was being sold subject to all liens and encumbrances, including tax liens, the trial court ordered that of the $28,291.68 surplus, the tax agents should receive $4647.57, the trust should receive $21,246.56, and Continental should receive the balance, $2397.55, toward its claim. As a result of the trial court's order, the tax agents' and the trust's liens were satisfied.

Whether the tax agents may receive the $4647.57 surplus through sec. 846.162, Stats., and related statutes presents an issue of statutory construction. Statutory construction is a question of law to which we owe no deference to the trial court. *In re I.V.,* 109 Wis. 2d 407, 409, 326 N.W.2d 127, 128 (Ct. App. 1982). When a statute is unambiguous, the words of the statute must be given their obvious and ordinary meaning. *State v. Lossman,* 118 Wis. 2d 526, 535, 348 N.W.2d 159, 164 (1984).

Section 846.162, Stats., provides in relevant part that:

> [i]f there shall be any surplus paid into court by the sheriff or referee, any party to the action or any

person not a party who had a lien on the mortgaged premises at the time of sale, may file with the clerk of court into which the surplus was paid, a notice stating that he is entitled to such surplus money or some part thereof, together with the nature and extent of his claim. The court shall determine the rights of all persons in such surplus fund ... .

The unambiguous language of sec. 846.162 reveals that it is a procedural statute, creating a mechanism for parties to the action and nonparty lienholders to file a claim for surplus. The court is then to determine the rights, if any, of all claimants in the surplus. Nothing in sec. 846.162 can be viewed as substantive, creating or affirming any rights or priorities in the surplus.

Rosen argues, and the trial court agreed, that in determining the "rights of all persons" in the surplus, sec. 70.01, Stats., becomes applicable. Section 70.01 provides in part that when real estate tax liens are levied, they become "a lien upon the property against which they are assessed, *superior* to all other liens." (Emphasis added.) Rosen concludes that when harmonized with sec. 846.162, Stats., sec. 70.01 creates a right in the tax agents to the surplus which is superior to all other claimants.

██ We disagree. Under sec. 846.17, Stats., when property is sold at a foreclosure sale, the property is transferred to the purchaser who receives the interest of the mortgagor and whatever interest the other parties to the suit possessed at the commencement of the action. *See* sec. 846.17; *see also Ames v. Starer,* 98 Wis. 372, 379, 74 N.W. 101, 103 (1898). As a result, those who were parties to the action can no longer

assert any claim or right of interest against the property. *See* sec. 846.17. The interest of such parties is deemed "foreclosed," leaving them to look only to sale proceeds for satisfaction of their claim. This is the position Continental is in.

Those lienholders who were not parties to the action do not have their interests in the property "foreclosed" under sec. 846.17, Stats. As a result, such nonparties retain their interest in the property as well as any interest they may be able to assert in the surplus proceeds through a claim under sec. 846.162, Stats. This is the position the tax agents are in.

If Rosen's position were adopted, it would give the tax agents access to two assets—the property and the sale proceeds—from which to satisfy their liens. Continental, a party to the action whose lien was foreclosed, would have but one asset—the sale proceeds. Under these circumstances, Rosen's reliance on sec. 70.01, Stats., to allow the nonparty tax agents to receive surplus through a sec. 846.162, Stats., claim leads to inequitable and unfair results. As foreclosure proceedings are equitable in nature, *Wisconsin Brick & Block Corp. v. Vogel*, 54 Wis. 2d 321, 327, 195 N.W.2d 664, 668 (1972), we deem it appropriate to apply a rule similar to the marshaling of assets doctrine on the facts before us to preclude the tax agents from receiving the surplus proceeds.

The marshaling of assets doctrine provides that where a creditor has a lien on or interest in multiple assets or properties of the debtor, and another creditor has a claim on but one of such assets or properties, the creditor with access to multiple assets will be required

to satisfy his or her debt out of the assets or properties which the other creditor cannot reach. *Production Credit Ass'n v. Jacobson,* 131 Wis. 2d 550, 555, 388 N.W.2d 655, 657 (Ct. App. 1986).

Application of this equitable principle is especially appropriate here as the property involved was advertised as being sold "subject to all liens and encumbrances," including tax liens. Testimony at the confirmation hearing indicated that bids were reduced based on this information to account for the assumption of tax liability upon purchase. Permitting Rosen to purchase under these circumstances and then allowing the tax agents to satisfy their liens out of surplus results in a windfall to Rosen,[1] who would receive the property free and clear of tax liens.

At the same time, Continental would be unfairly deprived of an expected source of secured monies, the surplus proceeds. To the extent Continental's lien remains partially unsatisfied as a result of the tax agents' claims, the mortgagors are also unfairly treated as they suffer increased liability to Continental. This would defeat the mortgagors' expectation of having their debts paid through surplus proceeds.

We conclude that while the tax agents may file a claim under sec. 846.162, Stats., under the facts of this case[2] principles of equity require that, as to unfore-

---

[1]That Rosen would receive the benefit of having the tax agents' liens paid out of surplus is evidenced by the fact that he, and not the tax agents, is responding to this appeal.

[2]We decline to decide the issue of the tax agents' status as claimants under sec. 846.162, Stats., had they been parties to this action. *See First Nat'l Bank v. Charles Henneman Co.,* 10 Wis. 2d 260, 103 N.W.2d 24, *cert. denied,* 364 U.S. 836 (1960); *see also DeKeyser v. State Bank,* 194 Wis. 61, 215 N.W. 444 (1927).

closed lienholders, the statute is procedural only and does not entitle the tax agents to receive surplus proceeds to the disadvantage of Continental whose interest is foreclosed. That portion of the trial court's order awarding $4647.57 surplus to the tax agents is therefore reversed and remanded with directions to award the surplus of $4647.57 to Continental.

*By the Court.*—Order reversed and cause remanded with directions.