# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 11, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1505**

Cir. Ct. No. **2020CV901**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

MARINE CREDIT UNION,

    PLAINTIFF,

  V.

ESTATE OF ROBERT M. PRATSCH,

    DEFENDANT-APPELLANT,

NORTH SHORE BANK FSB,

    DEFENDANT-RESPONDENT,

CONDON OIL COMPANY, INC., WANEZEK & JAEKELS, S.C. AND FEDERAL PACIFIC CREDIT COMPANY LLC,

    DEFENDANTS.

---

    APPEAL from an order of the circuit court for Brown County: JOHN ZAKOWSKI, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. The Estate of Robert Pratsch appeals an order granting the surplus proceeds of a foreclosure action to North Shore Bank FSB. The Estate argues that while North Shore was a party to the foreclosure action, it was not entitled to the surplus because it did not have a lien on the foreclosed properties at the time of the foreclosure sales. We conclude the circuit court did not erroneously exercise its discretion by equitably awarding the surplus to North Shore. We therefore affirm.

## BACKGROUND

¶2     In September 2020, Marine Credit Union commenced this foreclosure action against the Estate, alleging that the Estate had breached the repayment terms of two adjustable rate notes. Marine therefore sought to foreclose upon two mortgages that Robert Pratsch had conveyed to Marine. In an amended complaint, Marine named North Shore as a defendant, alleging that North Shore possessed a judgment lien interest of $1,685,345.85 and that "such interest is subsequent, junior and subordinate to [Marine's] mortgage interest."

¶3     The Estate later stipulated to a foreclosure judgment and to a sale of each of the mortgaged properties. The circuit court issued a foreclosure judgment, and the mortgaged properties were then sold to third-party purchasers on March 24, 2021. The court confirmed those sales the following month and ordered that the proceeds be used to pay the debt owed to Marine. The court also

ordered that the $100,180.57 surplus remain with the clerk of courts "subject to interest of the parties."

¶4 After Marine was paid in full, North Shore filed a motion for payment of the surplus funds pursuant to WIS. STAT. § 846.162 (2021-22).[1] The Estate opposed North Shore's motion, arguing that North Shore was not entitled to the surplus because its judgment lien, which was entered on March 22, 2011, had expired two days before the foreclosure sales on March 24, 2021. Accordingly, the Estate contended that it was entitled to the surplus proceeds. No other parties in the lawsuit requested the surplus funds.

¶5 The circuit court granted North Shore's motion in an oral ruling and awarded North Shore the entire $100,180.57 surplus. In doing so, the court recognized that WIS. STAT. § 846.162 is a procedural statute that "creates a mechanism for parties to the action to file a claim for [the] surplus." The court determined that North Shore could make a claim under § 846.162 because it was a party to the action. The court further concluded—based on "the equities"—that North Shore should receive the surplus because it had a valid judgment against the Estate, the Estate owed over one million dollars to North Shore, and it would be unfair to make North Shore go through probate to recover the proceeds.

¶6 The Estate now appeals. Additional facts will be provided as necessary below.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

## DISCUSSION

¶7      "Chapter 846 of the Wisconsin Statutes sets forth a [general] two-step procedure that governs the foreclosure process." ***Walworth State Bank v. Abbey Springs Condo. Ass'n***, 2016 WI 30, ¶20, 368 Wis. 2d 72, 878 N.W.2d 170.  First, the "circuit court determines 'the parties' legal rights in the underlying mortgage and obligation,'" and it "render[s a] judgment of foreclosure and sale in [a] successful foreclosure action[]." ***Id.*** (citations omitted).  Second, the court holds "additional statutory proceedings … to confirm the sale, determine the rights to surplus, if any, and enter deficiency judgment, if applicable." ***Id.***, ¶21.

¶8      In carrying out this two-step procedure, "circuit courts are not limited to the powers and duties expressly provided in [WIS. STAT.] Chapter 846." ***Walworth State Bank***, 368 Wis. 2d 72, ¶24.  Rather, "[f]oreclosure proceedings are equitable in nature, and the circuit court has the equitable authority to exercise discretion throughout the proceedings." ***Id.*** (citation omitted).  We review a court's decision to grant an equitable remedy for an erroneous exercise of discretion. ***Nationstar Mortg. LLC v. Stafsholt***, 2018 WI 21, ¶23, 380 Wis. 2d 284, 908 N.W.2d 784.  We will affirm a discretionary decision if the court applied the correct legal standard to the relevant facts and reached a reasonable outcome. ***Harbor Credit Union v. Samp***, 2011 WI App 40, ¶19, 332 Wis. 2d 214, 796 N.W.2d 813.

¶9      As relevant to this appeal, WIS. STAT. § 846.162 provides, in part:

> If there shall be any surplus paid into court by the sheriff or referee, *any party to the action or any person not a party who had a lien on the mortgaged premises at the time of sale*, may file with the clerk of court into which the surplus was paid, a notice stating that the party or person is entitled to such surplus money or some part thereof, together with the nature and extent of the party's or person's claim.  The

> court shall determine the rights of all persons in such surplus fund by reference or by testimony taken in open court ….

(Emphasis added.)  Section 846.162 "is a procedural statute, creating a mechanism for parties to the action and nonparty lienholders to file a claim for surplus."  ***First Wis. Tr. Co. v. Rosen***, 143 Wis. 2d 468, 472, 422 N.W.2d 128 (Ct. App. 1988).  The statute does not, however, create or affirm any rights or priorities in the surplus.  ***Id.***

¶10     The Estate acknowledges in its reply brief that "North Shore is owed a large sum of money."  It also concedes that WIS. STAT. § 846.162 permits North Shore, as a party to the action, to request the surplus.  Thus, the only issue on appeal is whether the circuit court erroneously determined that North Shore was entitled to the surplus.

¶11     Here, the circuit court made clear that it was making an "equitable" decision to award North Shore the surplus.  Such a decision is a permissible and reasonable outcome under the circumstances because North Shore had a valid judgment against Pratsch for over $1.6 million, no other creditors requested the surplus, and North Shore had a judgment lien that expired only two days before the foreclosure sales.  Given North Shore's ability to request the surplus under WIS. STAT. § 846.162, the court could also reasonably determine that North Shore should not have to go through probate to claim money that the Estate undisputedly owed North Shore.

¶12     The Estate argues that North Shore was not entitled to the surplus because it did not have liens against the properties.  Relying solely on WIS. STAT. § 806.15(1), the Estate asserts that North Shore's judgment lien expired on March 22, 2021—two days before the foreclosure sales.  The Estate's argument is

basically that while WIS. STAT. § 846.162 gives a party to a foreclosure action a right to make a *claim* to a surplus, such a party can only *receive* that surplus if it still had a valid lien at the time of the foreclosure sale.

¶13    The Estate's position that North Shore was not entitled to the surplus is unsupported by adequate legal authority. Aside from citing WIS. STAT. §§ 846.162 and 806.15(1) and citing two cases for the general proposition that § 846.162 does not create any rights or priorities to the surplus, the Estate identifies no legal authority supporting the proposition that a surplus can be awarded only to a party to the foreclosure action with a lien at the time of the foreclosure sale. The Estate also fails to identify any authority prohibiting a court from awarding a surplus to a party as an equitable remedy where that party's lien expired after the commencement of the foreclosure action but before the foreclosure sale. Indeed, the Estate's arguments largely ignore the equitable nature of foreclosure actions. Accordingly, the Estate has failed to establish any error in the circuit court's decision. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we need not address an argument that is undeveloped and unsupported by legal authority).

¶14    In sum, the circuit court did not erroneously exercise its discretion by awarding North Shore the surplus. The Estate also fails to identify any legal authority suggesting that the court erred, as a matter of law, by awarding the surplus as an equitable remedy.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.