Clancey vs. Alme and wife.

CLANCEY, Appellant, vs. ALME and wife, Respondents.

*December 11, 1897 — January 11, 1898.*

*Mortgages: Foreclosure: Homesteads.*

A mortgage covering a homestead and other lands was foreclosed and the entire premises sold, the nonexempt portion being worth less than the amount of the debt. *Held,* that the surplus money remaining after satisfaction of the mortgage debt should be deemed proceeds of the sale of the homestead, and exempt from execution, under sec. 2983, R. S.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an appeal from an order which directs the payment of the surplus moneys arising from the sale of mortgaged premises under a foreclosure judgment to the mortgagors. The respondent *Edwin E. Alme* was the owner of an eighty-acre tract of land, upon which his home was situated. The whole tract was under a mortgage, which was foreclosed, and a sale made under the judgment. It was all sold as one parcel. It sold for enough to pay the mortgage debt and to leave a surplus. The appellant owned a judgment against *Edwin E. Alme,* which was a lien upon all the mortgaged premises which was not included in the homestead. He made claim for the surplus moneys. The

Clancey vs. Alme and wife.

court directed them to be paid to the mortgagors. The appeal is from that order.

For the appellant there was a brief by *E. K. Loverud* and *W. W. Gilman*, and oral argument by *Mr. Gilman*.

For the respondents there was a brief by *H. A. Huber* and *Erdall & Swansen*, and oral argument by *Mr. Huber* and *Mr. Sam. T. Swansen*.

NEWMAN, J.  The question presented is not difficult of solution.  All the principles involved in its solution have been settled by the decisions of this court.  The right of the owner to have his homestead exempt from "liability in any form" (R. S. sec. 2983) for his debts is superior to the equity of a creditor to have it applied to the payment of his debt.  However it may have been formerly and in the absence of a statute declaring his right, it is now the settled policy of the law to prefer the homestead right as against the rights of creditors.  *Hanson v. Edgar*, 34 Wis. 653; *Smith v. Wait*, 39 Wis. 512; *Rozek v. Redzinski*, 87 Wis. 525.  In furtherance of this benevolent purpose, the proceeds of the sale of the homestead are made exempt from liability for the debts of the owner "while held with the intention to procure another homestead therewith."  R. S. sec. 2983.  It has been held, in harmony with the liberal spirit of the exemption laws, that where a homestead which is incumbered with other property by a common mortgage is applied by the owner, along with the other property, as one parcel, to the payment of the mortgage debt, a surplus remaining after the payment of the debt will be deemed proceeds of a sale of the homestead, and exempt from liability for the debts of the owner of the homestead.  This was in a case where the value of the property not included in the homestead was less than the amount of the mortgage debt, so that it would not alone have sold for enough to realize the debt.  *Binzel v. Grogan*, 67 Wis. 147; *Hoppe v. Goldberg*, 82 Wis. 660.

This principle is entirely applicable to the case of a surplus arising from a foreclosure sale of property similarly situated. Here the lands not included in the homestead were worth much less than the mortgage debt. The mortgage debt was upward of $3,900. The value of the lands not included in the homestead was about $1,600. The sale was for $4,600. The respondents desire to use the surplus moneys to procure another homestead.

*By the Court.*— The order of the circuit court is affirmed.