NORTHWESTERN SECURITIES COMPANY, Plaintiff, vs. NEL-
SON and wife, Appellants, and MAUTZ and others, Re-
spondents.

*December 8, 1926—January 11, 1927.*

*Homestead: Limitation as to value: In mortgaged property: Value
of equity considered: Foreclosure: Rights of persons claiming
surplus after sale: How determined: Petition of mortgagors to
ascertain homestead rights: General appearance: What con-
stitutes.*

1. A homestead is that tract of land which, being within the stat-
utory limitations as to quantity and value, is owned and occu-
pied as a homestead; and it is the equity of the mortgagors of
a homestead that must be considered in determining whether
the homestead rights, which, under sec. 272.20, Stats., ex-
tend to the proceeds of the sale of the homestead, exceed the
statutory limitation as to value.  p. 582.

2. A judgment of foreclosure and sale which authorized judgment
creditors to apply, after the sale, for an order directing pay-
ment out of the surplus of the amount due them, did not con-
stitute an adjudication of their right to any part of the sur-
plus, but merely extended a privilege to apply for such order,
which the court might then grant or refuse.  p. 583.

3. Where the court failed to ascertain whether any of the premises
covered by the mortgage foreclosed was a homestead, as re-
quired by sec. 1 of Circuit Court Rule XXV, in which case its
judgment would have been final unless reversed on appeal, and
an affirmative adjudication would have definitely stamped the
proceeds of sale as exempt, under sec. 272.20, Stats., the home-
stead rights in the surplus paid into court remained open and
undetermined.  pp. 583, 584.

4. Under Circuit Court Rule XXV and sub. (4), sec. 272.21, Stats.,
the petition of the mortgagors for a determination of their
homestead rights to the surplus proceeds of a foreclosure sale
should have been granted.  p. 585.

5. The action of the mortgagors in petitioning for such a determi-
nation is *held* to constitute a general appearance, though the
petition alleged that they appeared specially on jurisdictional
grounds.  p. 586.

6. In determining whether an appearance is general or special, the
substance, rather than the mere form, of the petition is con-
trolling.  p. 586.

APPEAL from an order of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

This is an appeal by the defendants *Albert F. Nelson* and *Catherine Nelson* from an order denying the petition of appellants to set aside two orders of said court, one in favor of *Mautz Brothers,* defendants and judgment creditors, and the other in favor of *Charles H. Tenney* and *Edward J. Reynolds,* also judgment creditors.

This action was brought by the plaintiff against the defendants *Albert* and *Catherine Nelson* to foreclose a certain mortgage, and the other defendants, who are judgment creditors, were joined as parties defendant. None of the defendants appeared excepting *Mautz Brothers.*

After a hearing of the cause the court made and filed its findings of fact and conclusions of law, and judgment was thereupon entered, pursuant to which, among other things, the defendants and all persons claiming under them after the filing of the notice of the pendency of the action were forever barred and foreclosed of all right, title, and equity of redemption in the mortgaged premises except the right of redemption before sale, as provided for by the statutes. Such judgment also provided that the defendants *R. L. Mautz* and *B. F. Mautz,* after sale, might apply to the court for an order directing the payment to them of the amount of their judgment, which the court fixed at $114.36, plus interest and costs.

The premises were sold under the judgment on December 5, 1925, and the sale was confirmed on December 8th; on which date the court entered an order in favor of *Mautz Brothers* directing the payment to them of the amount due them as fixed by the judgment, out of the surplus. *Charles H. Tenney* and *Edward J. Reynolds,* who were not made parties in the action but who were judgment creditors, on the 11th day of December, 1925, applied to the court for an order directing the payment of their judgment out of the pro-

ceeds, and such order was made. The mortgaged premises sold for the sum of $6,050, which left a surplus over and above the amount adjudged due to the plaintiff of $598.62.

On the 17th day of December, 1925, the *Nelsons* filed a petition in which, among other things, it was alleged that the mortgaged property constituted their homestead and that the surplus represented the proceeds of the homestead property, and that such surplus is exempt as to the claim of judgment creditors, and they therefore prayed that the orders above referred to in favor of *Mautz Brothers* and *Tenney et al.* be vacated and set aside, and that the entire surplus be ordered paid to them. This petition was denied by the court. At no time, either before the entry of the judgment of foreclosure or thereafter, did the court take into consideration the question of whether the mortgaged property or any part thereof constituted the homestead of the *Nelsons;* nor was any evidence introduced in that behalf. No reference whatever was made in the findings or judgment to the homestead rights of the *Nelsons.* The court, however, found that the interests of all parties would be best subserved by the sale of the property as a whole, and the property was sold in that manner pursuant to the judgment.

Further facts will be found in the opinion.

For the appellants there was a brief by *George B. Parkhill,* attorney, and *Louis C. Gunderson,* of counsel, both of Madison, and oral argument by *Mr. Parkhill.*

For the respondents *Mautz* there was a brief by *Warner & Risser* of Madison, and oral argument by *Frederic E. Risser.*

*Dudley H. Davis* of Madison, for *Charles H. Tenney* and *Edward J. Reynolds.*

DOERFLER, J. A homestead is "that tract of land which, being within the statutory limitations as to quantity and value, is owned and occupied as a homestead." *Finerty v.*

*First Nat. Bank of Duncan,* 92 Okla. 102, 218 Pac. 859, 32 A. L. R. 1326. The homestead exemption, under the provisions of sec. 272.20, Stats., also extends to the proceeds derived from the sale of the homestead, to an amount not exceeding $5,000 while held with the intention to procure another homestead therewith, for a period not exceeding two years. The property involved being mortgaged to the plaintiff, the mortgagors merely owned an equity therein. Assuming that the property was a homestead, the equity of the mortgagors must be considered in determining whether the homestead rights exceeded the statutory limitations as to value.

Prior to the entry of judgment and up to the time that the petition herein was filed, the mortgagors failed to appear and were wholly in default. The respondents *Tenney et al.* were not made parties to the suit, and did not apply for an order directing the payment of the amount of their judgment until the property was sold and the sale was confirmed. The defendants *Mautz Brothers* appeared in the action and prayed that the amount of their judgment be fixed and ascertained, which prayer was complied with in the judgment. The judgment also contained a provision which authorized *Mautz Brothers,* after the sale, to apply for an order directing the payment of the amount due them, with interest and costs, out of the surplus. The provision last referred to did not constitute an adjudication of *Mautz Brothers'* right to any portion of the surplus, but extended to them the privilege to apply for such an order, which the court might either grant or refuse, in accordance with the facts established upon the application.

Sec. 1 of Circuit Court Rule XXV provides that in the case of a mortgage foreclosure the court shall ascertain, by reference or by taking testimony, whether any part of the mortgaged premises is a homestead. The rule thus referred

to evidently was overlooked by both court and counsel. Had the court made the inquiry as contemplated by the rule and determined that the property either was or was not a homestead, its judgment would have been final unless reversed upon appeal. An adjudication in the judgment that the mortgaged property constituted the homestead of the mortgagors would definitely, under the provisions of the statutes, have stamped the proceeds as exempt, and would have precluded the application of any of these proceeds to the payment of general judgment creditors. In other words, the surplus would belong to the mortgage debtors. Therefore, after the sale, when the surplus was paid into court, the homestead rights, if any, or the rights to the proceeds, still remained open and undetermined.

In order, however, that every reasonable opportunity might be afforded the debtor to establish rights accruing under the homestead law, sec. 4 of Circuit Court Rule XXV was adopted, which reads as follows:

"If there shall be any surplus paid into court by the sheriff or referee, any party to the action or any person not a party who had a lien on the mortgaged premises at the time of sale, may file with the clerk of court into which the surplus was paid, a notice stating that he is entitled to such surplus money or some part thereof, together with the nature and extent of his claim. The court shall determine the rights of all persons in such surplus fund by reference or by testimony taken in open court, but no such hearing shall be had in court or before a referee except upon eight days' notice to all persons that have appeared in the action or filed notice of claim to such surplus money. . . ."

Sec. 4 above quoted makes no specific reference to homestead rights, nor does it specifically deal with the proceeds of a homestead, but the language is quite general and inclusive. It recognizes the rights of any party to the action to the surplus, and it specifically prescribes the procedure to be fol-

lowed by persons who may have a proper claim to the surplus. Clearly the procedure followed by the mortgagors in the instant case, in order to have their rights to the proceeds of the property established, was under and pursuant to the provisions of sec. 4 of said circuit court rule. The petition was made and filed within a period of a little over one week after the sale was confirmed. This court has held that homestead statutes must be liberally construed in favor of the debtor. *Bartle v. Bartle,* 132 Wis. 392, 112 N. W. 471; *Scofield v. Hopkins,* 61 Wis. 370, 21 N. W. 259; *Zimmer v. Pauley,* 51 Wis. 282, 8 N. W. 219.

By the enactment of the homestead statutes the court has declared a definite public policy. The state, from an economic standpoint, is directly interested in establishing and protecting homestead rights, and the rule of liberal construction above referred to is founded largely upon the public policy involved. When a judgment creditor attempts to enforce his judgment by execution, the debtor, under the provisions of sec. 272.21, Stats., has the first right of selection, and under certain circumstances the officer levying the execution may select and set out the homestead. The true spirit of the homestead law is nowhere more fully manifested than in that part of sub. (4) of sec. 272.21 which reads as follows:

"A failure of the officer to set apart such homestead shall not invalidate or affect such levy, except as to such homestead, *nor shall the failure, neglect or refusal of such person to select his homestead forfeit or impair his right thereto, but only his right to select the same when such selection shall be lawfully made by such officer, in the manner hereinbefore provided.*"

In view of the provisions of the statute last above quoted and the circuit court rules referred to, we are constrained to hold that the petition of the mortgagors herein to have de-

termined their rights to the proceeds over and above what was necessary to pay the plaintiff's judgment should have been granted.

While it is alleged in the petition that the petitioners appear specially, on jurisdictional grounds, the allegations with respect to their homestead rights are not consistent with a special appearance, and in law constitute a general appearance. In determining whether an appearance is general or special, the substance of the petition rather than the mere form is controlling.

*By the Court.*—The order appealed from is reversed, and the cause is remanded to the lower court with directions for further proceedings in accordance with this opinion.