ANCHOR SAVINGS & LOAN ASSOCIATION, Plaintiff and Respondent, v. WEEK, Defendant and Appellant: UNITED STATES and another, Defendants: HANSEN, Defendant and Respondent.*

*No. 190. Argued November 27, 1973.—Decided January 16, 1974.*
(Also reported in 213 N. W. 2d 737.)

---

* Motion for rehearing denied, with costs, on May 7, 1974.

170

172

For the appellant there was a brief and oral argument by *Neil J. Toman* of Madison.

For the plaintiff-respondent there was a brief by *Ted H. Field* of Madison, attorney, and *Trayton L. Lathrop* and *Isaksen, Werner, Lathrop & Heaney* all of Madison, of counsel, and oral argument by *Trayton L. Lathrop*.

For the defendant-respondent there was a brief by *Heilprin Law Offices, S. C.*, and *Richard A. Heilprin*, all of Madison.

On motion for rehearing a brief was filed by *Graff & Schrank* and *D. G. Graff*, all of Madison, for defendant-respondent David Hansen.

HEFFERNAN, J.  Initially we point out that the foreclosure judgment entered by the trial court on May 18, 1971, with the findings of fact and conclusions of law that were incorporated therein, is a final judgment, which was not timely appealed. This court has no jurisdiction to go behind that judgment, and the findings and conclusions are the law of the case. *Bischoff v. First Wisconsin Trust Co.* (1966), 30 Wis. 2d 583, 592, 141 N. W. 2d 188. Because that judgment is final, all the issues raised by the parties are moot.

The case comes to us in the posture of an appeal from an order which denied the right of the mortgagor to assert her homestead exemption. That order was decided on May 17, 1972, almost a year after the entry of the judgment of foreclosure. The findings of fact and conclusions of law which were incorporated in that judgment found that the entire mortgaged premises were homestead. Hence, after that judgment was entered, and not appealed, the homestead exemption was not an open question. It had been decided favorably to the mortgagor. The case is controlled by *Northwestern Securities Co. v. Nelson* (1927), 191 Wis. 580, 211 N. W. 798. Therein this court stated:

"An adjudication in the judgment that the mortgaged property constituted the homestead of the mortgagors would definitely, under the provisions of the statutes, have stamped the proceeds as exempt, and would have precluded the application of any of these proceeds to the payment of general judgment creditors. In other words, the surplus would belong to the mortgage debtors." (P. 584)

Once the judgment was entered in this case, finding the homestead exemption as it did, the only rights that could thereafter be asserted by any general judgment creditor would be to that portion of the surplus which was in excess of the statutory limits of the homestead exemption. In the instant case, once the foreclosure judgment was entered, the claim of the respondent David Hansen was subordinate to that portion of the surplus which was statutorily exempt as homestead and subordinate to the tax liens to which the homestead exemption does not apply.

The mortgagee's complaint alleged that the mortgaged property was homestead in its entirety. No answer was made by Hansen or by any other general judgment creditor. The homestead status of the property was undisputed and uncontested. Had Hansen or any other general judgment creditor sought to contravene the allegations of the complaint, he would have been obligated to answer and assert that there was no homestead exemption. Under the facts of this case, the mortgagor had no duty to make any assertion of homestead rights. The exemption resulted as a matter of law when the plaintiff's assertion that the property was homestead was not contested. The mortgagor's only obligation was a ministerial one of laying claim to the surplus which might remain after the sale in the satisfaction of the mortgage and the prior tax claims.

The trial judge relied, erroneously, upon sec. 278.11, Stats., which provides:

"278.11 **Homestead, how sold.** If any defendant appear and answer that any portion of the mortgaged premises is an exempt homestead the court shall ascertain whether such be the fact, and if so whether the part of the mortgaged premises not included in the exempt homestead can be sold separately therefrom without injury to the interests of the parties, and in that case shall direct in the judgment that the exempt homestead shall not be sold until all the other mortgaged lands have been sold."

The plain meaning of the statute is not to compel the defendant to appear and assert his homestead exemption, but only to compel him to appear and assert any claim that he might have "whether the part of the mortgaged premises not included in the exempt homestead can be sold separately therefrom without injury to the interests of the parties." This statute gives the option to the mortgagor to insist that, where a mortgage covers both homestead and nonhomestead property, the nonhomestead property be sold first. That issue was irrelevant in the instant case, since the entire mortgaged property was homestead.

A homestead exemption can be raised at any time during the course of the foreclosure proceedings, at least up until the time of sale. We said in a very recent case, *Lueptow v. Guptill* (1972), 56 Wis. 2d 396, 404, 202 N. W. 2d 255: "This court has long held that the right to the homestead exemption does not depend upon its formal exercise." *Lueptow* is merely one of a long chain of cases that so hold. *E.g., Larson v. State Bank of Ogema* (1930), 201 Wis. 313, 317, 230 N. W. 132; *Martin v. C. Aultman & Co.* (1891), 80 Wis. 150, 154, 49 N. W. 749.

The strong public policy to protect the homestead exemption, even in the face of inaction, is demonstrated by the provisions in ch. 272, Stats., Executions. Sec. 272.21 (1) provides that, when there is a levy upon the

lands of any person, he can make the claim of a homestead exemption at any time before sale. Sec. 272.21 (4) provides that, even where there is a failure to select a homestead, the right to a homestead exemption is not impaired, but only his right of selection.

Sec. 278.162, Stats., permits a mortgagor who has not made a claim for a homestead to first assert that right at the time of the distribution of the surplus. This court has confirmed that late exercise of the right of homestead exemption in *Northwestern Securities Co. v. Nelson, supra,* page 584.

By virtue of the provisions of the judgment in this case, there was no necessity for the mortgagor's assertion of the homestead exemption, and even had the judgment not found that the property was homestead, there was an assertion of right when an application was made before sale. That application, however, was superfluous in the instant case.

In proceedings after the judgment was entered and at the hearing after which the judge found that the mortgagor had failed to assert her claim in a timely fashion, there was evidence adduced from which it would be possible to conclude that, at the time the judgment lien of David Hansen was filed on June 8, 1970, the mortgaged property was not the homestead of the Weeks. The evidence could be interpreted to indicate that the Weeks had left their home with the intention of living in Grand Cayman Island. While such intention, as evidenced by their removal from their home, is a rebuttable presumption, nevertheless, as we said in *Jarvais v. Moe* (1875), 38 Wis. 440, 448:

"The presumption might be rebutted by circumstances and conditions surrounding the removal, or declarations accompanying it, manifesting a temporary purpose and an intention to return; but not satisfactorily by *ex post facto* professions, after intervening occurrences had made return advantageous. The intention which is sufficient

to rebut the presumption must be positive and certain, not conditional or indefinite."

In the instant case the trial judge, because he felt the right to the exemption had not been timely asserted, deemed it unnecessary to determine whether the homestead had been abandoned or that the presumption of abandonment had been overcome. Since the judgment had declared the exemption, the issue was moot.

Hansen's time for asserting his priority against any alleged claim of homestead exemption was before the judgment of foreclosure was entered.

Viewing the record as we do from the perspective of hindsight, it is apparent that at least one of the real issues affecting the homestead exemption, whether it existed on the date of filing the judgment lien, was not tried at proceedings that led to the entry of the judgment. Had we jurisdiction over the judgment, we might well conclude that, since the real issue of the homestead exemption as it applied to the lien of David Hansen had not been tried, the judgment of foreclosure should be vacated and the matter remanded for further consideration in the interest of justice under sec. 251.09, Stats. Hansen was a party aggrieved by the judgment of foreclosure. He has made no effort to appeal that judgment, and the appeal brought by the mortgagor from that judgment was not timely. Under these circumstances, this court is without power to correct that judgment. The party aggrieved simply failed to make a timely assertion of his rights.

Additionally, on this appeal the mortgagor asserts that the sale should be set aside because the notice was inadequate. In ordering the second sale, the trial court required that notice be given only to the parties to the action and to the highest bidder at the first sale. The sheriff was directed to conduct the sale without further publication or posting. Contrary to the assertion of

counsel for the mortgagor at the oral argument, we find no objection of record to the provisions imposed by the court, this despite the fact that counsel for the mortgagor asserts that he was present. While the notice provisions did not comport with statutory requirements, the failure of the mortgagor to object upon the record constitutes a waiver. We stated in *Blodgett v. Hitt* (1871), 29 Wis. 169, 179, that the notice requirement is for the protection of the property owner to insure that the best possible price is obtained and that he is not unduly prejudiced by the forced sale. Freeman, in the treatise, 2 *Law of Executions* (3d ed.), p. 1654, sec. 286, writes:

"An objection to the form of a notice can only be made by the defendant, and cannot be successfully urged by him, unless he proceeds to take advantage of it without any unnecessary delay. The notice of the sale, being for the benefit of the defendant, may be waived by him."

Accordingly, we conclude that the mortgagor cannot now complain that the notice of the second sale was inadequate. The foreclosure judgment and the subsequent sale must stand.

The order of May 17, 1972, denying the mortgagor's assertion of the homestead right, was moot at the time it was entered, since the issue had already been decided at the time of the foreclosure judgment. Accordingly, that order is set aside as null and void. The only objection to the July 13, 1972, order confirming the second sale was a claim of inadequate notice. Because that claim was waived by failure to object to the notice provisions, that order is affirmed. The order of July 26, 1972, disbursing the proceeds of the sale, did not recognize the mortgagor's claim for the homestead exemption. Therefore, the order of July 26, 1972, is reversed.

*By the Court.*—Order of May 17, 1972, is vacated; order of July 13, 1972, is affirmed; and order of July 26, 1972, is reversed; and the record of the foreclosure pro-

ceeding is remanded for whatever further action consistent with this opinion the trial court deems necessary.