SCHWANZ, Appellant, v. TEPER, Receiver, Respondent.

*No. 249. Argued November 27, 1974.—Decided December 20, 1974.*
(Also reported in 223 N. W. 2d 896.)

For the appellant there was a brief and oral argument by *L. William Connolly* of Milwaukee.

For the respondent there was a brief by *Herbert L. Usow, S. C.* of Milwaukee, and oral argument by *Mr. Usow*.

HANLEY, J. Two issues are presented upon this appeal:

1. Where a judgment has been entered declaring real estate exempt homestead under sec. 272.20, Stats., does such judgment properly order the deposit of such proceeds with the clerk of court to be held "in escrow" for a period of two years subject to the purchase by the judgment debtor of a new homestead?

2. Is rental income from a rented portion of a homestead exempt under the homestead exemption statute, sec. 272.20, Stats?

*Proceeds from the sale of exempt homestead.*

The trial court, by ordering the proceeds from the sale of the exempt homestead to be held in escrow by the clerk of court, was attempting to give effect to the following provision in sec. 272.20, Stats.:

"(1) . . . Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $10,000, while held, with the intention to procure another homestead therewith, for 2 years."

However, the court attempted to prevent her from using those funds for any other purpose. The court was aware that the plaintiff had expressed the intent to use the proceeds of the sale for the payment of certain debts in

addition to the purchase of another homestead. It did, however, declare that the duplex was an exempt homestead.

We are of the opinion that after the court determined that the duplex was exempt, the court could not order the proceeds to be held by the clerk of court. In *Anchor Savings & Loan Asso. v. Week* (1974), 62 Wis. 2d 169, 213 N. W. 2d 737, a judgment of foreclosure was entered which determined that the property involved was the mortgagor's homestead. Prior to the date of sale, the owner of a judgment lien moved the court for an order denying the claim of a homestead exemption. The trial court held that the exemption had been waived. In vacating that order, this court found that the judgment of foreclosure had settled the question that the homestead exemption did exist. Once that judgment was entered, finding that the homestead exemption applied, it was said that a general judgment creditor's only rights would be to that portion of the surplus which was in excess of the statutory limits of the homestead exemption. 62 Wis. 2d at pages 173, 174.

In *Lueptow v. Guptill* (1972), 56 Wis. 2d 396, 202 N. W. 2d 255, there was a foreclosure of a land contract. A dispute arose between a judgment creditor and a mortgagee as to who was entitled to the excess proceeds. The judgment creditor maintained that because her judgment against the debtors was docketed and entered prior to the recording of the mortgage, her lien was superior to the later recorded mortgage. The trial court's determination that the mortgage had priority was affirmed by this court on the basis that at the time the judgment was docketed and entered it was not a lien on the premises involved because the proceeds were exempt under the homestead exemption.

One of the arguments raised by the judgment creditor was that the debtors were not entitled to the exemption because they received no proceeds with which to procure another homestead. Relying on *Kopf v. Engelke* (1942), 240 Wis. 10, 1 N. W. 2d 760, 2 N. W. 2d 846,. this court held that the judgment creditor was precluded from executing his lien against the homestead and has no right to complain about the exempt person's disposition of the proceeds.

*Kopf v. Engelke, supra,* was an action to set aside an allegedly fraudulent conveyance. This court held that an action to set aside a conveyance as fraudulent cannot be maintained unless the plaintiff is injured by the conveyance. In answering an argument by the plaintiff that the trial court's decision had, in effect, given the defendant the benefit of two homestead exemptions, one in the proceeds of the sale of the former homestead and one in newly purchased property, this court said:

"The right of the defendant . . . to acquire a new homestead with the proceeds derived from the sale of the first homestead is undoubted, sec. 272.20, Stats. If [the defendant] chose to use the proceeds derived from the sale of the homestead for the payment of creditors other than the plaintiff, the plaintiff cannot complain for the reason that she had no claim upon such exempt proceeds." 240 Wis. at page 15.

Under the above decisions, the proceeds of the sale of the exempt homestead would be exempt also. The defendant argues that *Lueptow v. Guptill, supra,* is a misapplication of *Kopf v. Engelke, supra,* and should be reversed because it has the result of rendering meaningless the requirement that the homestead proceeds be held with the intent to put them into another homestead. *Lueptow* would have that effect because if no proceeds are to be received by the debtor, he could not have the intent to purchase another homestead.

Here, however, the plaintiff was to receive proceeds from the sale of the exempt homestead. While she did indicate that she intended to use some of those proceeds for the payment of certain debts, she also indicated that she intended to purchase another homestead. There is a strong public policy in this state to protect the homestead exemption. *Anchor Savings & Loan Asso. v. Week, supra,* page 175. Because of this public policy, homestead statutes are liberally construed in favor of the debtor, *Northwestern Securities Co. v. Nelson* (1927), 191 Wis. 580, 211 N. W. 798, and homestead rights are preferred over the rights of creditors. *Clancey v. Alme* (1898), 98 Wis. 229, 73 N. W. 1014.

Under the case law and the public policy relating to homestead exemptions, the plaintiff here was entitled to an exemption in the proceeds of the sale. The judgment creditor would not have any lien on or rights in the proceeds.

Subject to certain exceptions not applicable to this case, an exempt homestead is "exempt from execution, from the lien of every judgment and from liability for the debts of such owner." Sec. 272.20 (1), Stats. This section was enacted pursuant to the constitutional mandate of art. I, sec. 17 of the Wisconsin Constitution which provides that a debtor's privilege to enjoy the necessary comforts of life are to be recognized by wholesome laws "exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability . . . ." Also, exempt property is not subject to attachment. Sec. 266.12, Stats. We think these provisions prohibit a court from ordering exempt property to be held by the clerk of court.

While the court may have done what it thought was the fairest way to handle the case, it was in error. The plaintiff was entitled to the exemption and the court could not order it held by the clerk of court. As was

said in *Binzel v. Grogan* (1886), 67 Wis. 147, 149, 29 N. W. 895:

"If the real estate which the defendant owned . . . was his homestead, the proceeds thereof remaining in his hands when he answered in the supplementary proceedings were exempt from seizure, and he could not lawfully be compelled to pay the plaintiff's judgment out of the same. That he constantly intended to use as much as $1,400 of such proceeds in the purchase of another homestead, satisfactorily appears from the uncontroverted statements in his answer. . . . That he used a portion of such proceeds to pay his debts and maintain his family does not deprive him of the right to such exemption if he is otherwise entitled thereto. . . . It is clear enough from the whole answer that the defendant received more than $1,400 for the realty, and he has the right to hold the $1,400 in his hands as the proceeds of the sale of the realty alone."

*Question of rentals.*

The trial court found that the rental income from the lower flat was not exempt under sec. 272.20 (1), Stats. The plaintiff notes that this issue appears to be one of first impression in this state and asks this court to "decide the issue to accord both with the weight of authority, and with the liberal construction of the homestead statute in favor of the debtor that has been declared to be the public policy of this state."

While it is true that the homestead exemption statute is to be liberally construed, the principles of liberal construction cannot be employed to write exemptions into the statutes. This is so because the right of a debtor to hold his property free from claims of creditors is not a common-law right and, therefore, in the absence of constitutional or statutory provisions all of the property of a debtor may be subjected to the payment of his debts. *Northwest Bank & Trust Co. v. Minor* (1957), 275 Wis. 516, 82 N. W. 2d 323.

The Wisconsin homestead exemption statutes do not specifically provide an exemption for the rental income from homestead property. Sec. 272.20 (1), Stats., gives an exemption in an exempt homestead and in the proceeds of the sale of such a homestead subject to the considerations mentioned above. An exempt homestead is defined by sec. 990.01 (13) and (14). A "homestead" is defined as the dwelling and so much of the land surrounding it within certain limits, as is reasonably necessary for use of the dwelling as a home. An "exempt homestead" is that part of the homestead within the $10,000 limitation of value. These provisions do not specifically provide for the rental income from the homestead property. Ordinarily in the absence of such a provision a debtor would not be entitled to an exemption. The general rule, however, is to the contrary.

"While there is authority to the contrary, it is very generally held that rents and profits arising from the homestead estate, so long as it retains its character as such, are exempt; but the general rule has not been applied to rents from a business homestead." 40 C. J. S., *Homesteads*, p. 509, sec. 70; *See also:* Anno. *Homestead exemption as extending to rentals derived from homestead property*, 40 A. L. R. 2d 897.

Rental income exemption in the case at bar is essential to protect the debtor's homestead interest. Here the mortgage on the homestead amounted to $11,000 with monthly mortgage payments of $140. The market value of the property was $19,000. Deprived of the rental income plaintiff's homestead interest would be diminished and jeopardized.

The courts in three of our neighboring states have held that rental income from a homestead is exempt. In *Morgan & Hunter v. Rountree* (1893), 88 Iowa 249, 55 N. W. 65, 66, 45 Am. St. Rep. 234, the court said:

"It is certainly the spirit and purpose to exempt, not only the homestead, but also the use thereof, for without

the use the exemption would be valueless. It is not simply as a place of shelter, a place in which to live, that homesteads are exempt, but also as a means of making a living, as is shown by the exemption of one half an acre in town, 40 acres in the country, and the shop or building, when situated on the exempt premises, in which the head of the family carries on his business. The use of the homestead, as well as the homestead itself, is unquestionably exempt so long as the homestead character is maintained. . . . We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt, not only the homestead and its use, but also crops or money which he may derive from its use . . . ." (P. 253.)

The court stated that there was no good reason why a debtor, who, for any cause, cannot himself use the premises, may not rent them to another and hold the proceeds exempt.

The Supreme Court of Michigan has held that the homestead exemption would be largely impaired, if not nullified, if the homesteader were not protected in the full enjoyment and use of the homestead. The constitutional provision applicable to the case exempted the homestead and appurtenants thereto. The court held rents are appurtenant to the homestead and, therefore, are exempt. *Bartold v. Lewandowska* (1943), 304 Mich. 450, 8 N. W. 2d 133.

The Minnesota Supreme Court has also held rent to be exempt. In *Umland v. Holcombe* (1879), 26 Minn. 286, 3 N. W. 341, it was held that a receiver could not be appointed to collect the rent from a tenant of part of the debtor's homestead. The court reasoned that the debtor could use the homestead in any way he chose and if he chose to rent a part of it, it would be a denial of his right to the use of it to appoint a receiver to collect the rent. The appointment of a receiver to collect the rent was found to be, in effect, an appropriation of a portion

of the exempt property for the term of the lease or until the judgment was satisfied and the court held that since the property was exempt from execution this could not be done.

While it is true that the homestead exemption statutes in this state do not specifically provide for the exemption of the rental income from a portion of the homestead, such an exemption would be in keeping with the public policy in favor of the homestead exemption. In *Binzel v. Grogan, supra,* pages 151, 152, it was recognized that a debtor is entitled to the enjoyment of his homestead as a "necessary comfort of life" and the exemption applies regardless of what uses to which he puts the land.

We conclude the exemption of rental income from the homestead is within the spirit of the exemption law and should be recognized to give effect to the public policy favoring homestead exemptions.

The portion of the judgment which determined that the proceeds of the sale of plaintiff's real estate are to be held in escrow by the clerk of court for a period of two years or until such time as the plaintiff purchases a new home within two years of the date of sale and that portion of the judgment that determined that the rentals of the lower flat are not exempt under the statutory homestead exemption is reversed.

*By the Court.*—Judgment reversed and cause remanded with directions to enter an order directing the clerk of court to pay over to the plaintiff escrowed funds.