COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP2387**

Cir. Ct. No.  **2016CV864**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

RIVER VALLEY BANK, AS A SUCCESSOR IN INTEREST TO
INTEGRITY FIRST BANK,

   PLAINTIFF-RESPONDENT,

 V.

BRENDA M. WHITE, A/K/A BRENDA WHITE,
N/K/A BRENDA M. GEHRING,

   DEFENDANT-APPELLANT,

WILLIAM R. WHITE, A/K/A WILLIAM RICHARD WHITE AND
MARATHON COUNTY,

   DEFENDANTS.

        APPEAL from an order of the circuit court for Marathon County: LAMONT K. JACOBSON, Judge. *Affirmed.*

        Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. In this mortgage foreclosure action, Brenda Gehring appeals an order denying her motion to set aside an order confirming a sheriff's sale.[1]  Gehring argues the circuit court should have granted her motion because she did not receive a notice of the confirmation hearing that satisfied the requirements set forth in WIS. STAT. § 846.165.  We agree that Gehring was entitled to, and did not receive, a notice of the confirmation hearing that complied with § 846.165.  However, given that Gehring's attorney had actual notice of the confirmation hearing, we conclude Gehring waived her objection to the lack of statutory notice by failing to object on that basis before the court confirmed the sheriff's sale.  We therefore affirm.

## BACKGROUND

¶2    On November 18, 2016, River Valley Bank filed this mortgage foreclosure action against Gehring and several other parties.  On December 27, 2016, attorney Terrence Byrne filed a notice of retainer stating that his law firm "is retained by and appears for [Gehring] in the above-entitled matter."  On the

---

[1]  Gehring was formerly known as Brenda White.  We refer to her as Gehring throughout this opinion.  We refer to the plaintiff in this lawsuit as River Valley Bank, although the foreclosure action was filed by River Valley Bank's predecessor in interest, Integrity First Bank.

River Valley Bank improperly refers to the parties by party designation, rather than by name, throughout the argument section of its appellate brief, in violation of WIS. STAT. RULE 809.19(1)(i) (2017-18).  We remind counsel for River Valley Bank that future violations of the Rules of Appellate Procedure may result in sanctions.  *See* WIS. STAT. RULE 809.83(2) (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

same day, attorney Byrne filed an answer to the foreclosure complaint on Gehring's behalf.

¶3      On January 24, 2018, River Valley Bank and Gehring entered into a stipulation, which was filed with the circuit court on the same day. The stipulation stated that Gehring had agreed to withdraw her answer, and both parties agreed that the court could enter a foreclosure judgment. The stipulation also provided that Gehring was granted a six-month redemption period from the date of entry of judgment, and that River Valley Bank had waived its right to a deficiency judgment. The court subsequently entered a foreclosure judgment on January 29, 2018.

¶4      On July 6, 2018, in response to an inquiry from Gehring regarding the date she was required to leave the subject property, counsel for River Valley Bank sent a letter to attorney Byrne stating that the sheriff's sale was scheduled for July 31, 2018, and the confirmation hearing was scheduled for August 17, 2018. The sale took place as scheduled on July 31.

¶5      Neither Gehring nor attorney Byrne appeared at the confirmation hearing on August 17, 2018, or raised any objection to confirmation of the sale before the hearing. During the hearing, the circuit court noted a "bit of a discrepancy between the assessed value and the actual amount of the sheriff's sale," but it stated that discrepancy was not "significant enough to not confirm the sheriff's sale." The court therefore signed River Valley Bank's proposed order confirming the sale.

¶6      Four days later—on August 21, 2018—Gehring filed a motion to set aside the order confirming the sheriff's sale. As grounds for the motion, Gehring

argued that she had not received a notice of the confirmation hearing that complied with the requirements set forth in WIS. STAT. § 846.165.[2]

¶7     The circuit court denied Gehring's motion to set aside the order confirming the sheriff's sale during a hearing on October 25, 2018.  The court found that Gehring did not receive a notice of the confirmation hearing that complied with WIS. STAT. § 846.165.  However, the court concluded Gehring was not entitled to such notice because she had withdrawn her answer to the foreclosure complaint and, as a result, no longer qualified as a party that had "appeared in the action."  *See* § 846.165.  The court further concluded that Gehring had waived any objection to the lack of statutory notice because attorney Byrne had actual notice of the confirmation hearing.  The court subsequently entered a written order denying Gehring's motion to set aside the order confirming the sheriff's sale, and Gehring now appeals.

## DISCUSSION

¶8     This appeal requires us first to determine whether Gehring was entitled to a notice of the confirmation hearing that complied with WIS. STAT. § 846.165 and, if so, whether the notice she received complied with that statute.

---

[2] Gehring also argued at various points during the circuit court proceedings that the court should set aside the order confirming sale because the sale price was insufficient, *see* WIS. STAT. § 846.16(2m)(ae), and because no report of sheriff's sale was filed within ten days after the sale, *see* § 846.16(1r)(b)1.  Gehring does not directly renew these arguments on appeal, and we therefore need not address them.  *See **A.O. Smith Corp. v. Allstate Ins. Cos.**, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (An issue raised in the circuit court, but not raised on appeal, is deemed abandoned.).  Regardless, we conclude Gehring has waived her right to raise these arguments on appeal, for the same reason we conclude she has waived her argument that she did not receive a notice of the confirmation hearing that complied with WIS. STAT. § 846.165.  Namely, Gehring had actual notice of the confirmation hearing, but she failed to appear at that hearing or otherwise raise her objections before the court confirmed the sheriff's sale.

4

Resolving these issues requires us to interpret § 846.165 and apply its language to undisputed facts. The interpretation of a statute and its application to undisputed facts are questions of law that we review independently. *McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273. When interpreting a statute, we begin with the statutory language, and where the meaning of that language is plain and unambiguous, we stop the inquiry and apply the language as written. *Wangard Partners, Inc. v. Graf*, 2006 WI App 115, ¶16, 294 Wis. 2d 507, 719 N.W.2d 523.

¶9     Here, the plain language of WIS. STAT. § 846.165, as applied to the undisputed facts of this case, demonstrates that Gehring was entitled to a notice of the confirmation hearing that complied with that statute. Section 846.165 provides that "[n]o sale on a judgment of mortgage foreclosure shall be confirmed unless 5 days' notice has been given *to all parties that have appeared in the action*." (Emphasis added.) "[T]he service on counsel for the opposite party of a notice of retainer and appearance constitutes a general appearance in the cause." *McLaughlin v. Chicago, Milwaukee, St. Paul & Pac. Ry. Co.*, 23 Wis. 2d 592, 596, 127 N.W.2d 813 (1964). In addition, a stipulation directly acknowledging that the dispute in question is before the court also constitutes a general appearance. *See Schroff v. Schroff*, 85 Wis. 2d 505, 516-17, 271 N.W.2d 379 (1978); *see also Gale v. Consolidated Bus & Equip. Co.*, 251 Wis. 642, 649, 30 N.W.2d 84 (1947) (noting a defendant's stipulation as to the time and place of trial "amounts to a general appearance").

¶10     It is undisputed that attorney Byrne filed a notice of retainer and appearance on Gehring's behalf on December 27, 2016. It is also undisputed that on January 24, 2018, Gehring and River Valley Bank entered into a stipulation—which was filed with the circuit court—by which Gehring agreed to withdraw her

answer and both parties agreed that the court could enter a foreclosure judgment. It is therefore clear, based upon the undisputed facts, that Gehring is a party that has appeared in this foreclosure action. As such, the plain language of WIS. STAT. § 846.165 dictates that Gehring was entitled to statutory notice of the confirmation hearing.

¶11   River Valley Bank argues that Gehring was not entitled to notice under WIS. STAT. § 846.165 because she "withdrew her appearance by executing the subject stipulation." However, nothing in the stipulation provided that Gehring was withdrawing her *appearance* in the foreclosure action. Rather, the stipulation stated that Gehring had agreed to withdraw her *answer* and allow entry of a foreclosure judgment. River Valley Bank cites no legal authority, either in civil actions generally or in foreclosure actions specifically, in support of the proposition that a party's withdrawal of his or her answer, without more, also serves to withdraw the party's appearance. We will not consider arguments that are unsupported by legal authority. *See **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶12   River Valley Bank also contends that the notice requirement in WIS. STAT. § 846.165 applies only to parties that "have" appeared in a foreclosure action, not parties that "had" previously appeared but thereafter withdrew their appearances. This argument fails because it rests on the premise—which we have already rejected—that Gehring withdrew her appearance when she entered into the January 24, 2018 stipulation. As noted above, Gehring stipulated only to the withdrawal of her *answer*, not to the withdrawal of her *appearance* in the foreclosure action.

¶13    Having concluded that Gehring was entitled to notice of the confirmation hearing under WIS. STAT. § 846.165, we must now address whether Gehring received a notice of the hearing that satisfied the statutory requirements. Section 846.165 requires that a notice of confirmation hearing set forth: (1) the amount of the judgment; (2) the amount realized upon the sale; (3) the amount for which personal judgment will be sought, and against which parties; and (4) the time and place of the confirmation hearing. The only notice of the confirmation hearing that Gehring received was the letter that River Valley Bank's attorney sent to attorney Byrne on July 6, 2018. That letter merely stated that the sheriff's sale was scheduled for July 31 and the confirmation hearing was scheduled for August 17. The July 6 letter therefore did not satisfy the requirements set forth in § 846.165.

¶14    In summary, we have concluded that Gehring was entitled to—and did not receive—a notice of the confirmation hearing that complied with WIS. STAT. § 846.165. Nevertheless, we affirm the circuit court's order denying Gehring's motion to set aside the order confirming the sheriff's sale. We do so because we agree with the court that Gehring waived her argument regarding the deficient notice of the confirmation hearing. Where the facts and circumstances relating to a party's conduct are undisputed, the existence of a waiver presents a question of law that we review independently. *See Rural Mut. Ins. Co. v. Peterson*, 134 Wis. 2d 165, 180, 395 N.W.2d 776 (1986).

¶15    Our conclusion that Gehring waived her argument regarding deficient notice of the confirmation hearing is informed by *Anchor Savings & Loan Ass'n v. Week*, 62 Wis. 2d 169, 213 N.W.2d 737 (1974). In that case, Anchor Savings & Loan commenced a foreclosure action against the Weeks, and the circuit court subsequently entered a foreclosure judgment. *Id.* at 171. A

7

sheriff's sale then took place, but the court later determined that the sale price was inadequate and denied Anchor Savings & Loan's motion to confirm the sale. *Id.* A second sheriff's sale was scheduled, and the court directed the sheriff to provide notice of the second sale only "to the bidder on the first sale and to the parties and their attorneys." *Id.*

¶16     The Weeks ultimately appealed the order confirming the second sale, arguing, in part, that the notice of that sale was inadequate. *Id.* at 177.  Our supreme court agreed with the Weeks that the notice of the second sale "did not comport with statutory requirements," but it concluded the Weeks had waived their right to raise that argument on appeal. *Id.* at 178.  The court observed that the Weeks' attorney was present when the circuit court made its ruling regarding the limited notice of the second sale, but he did not object to the court's ruling. *Id.* at 177-78.  Under these circumstances, the court held that counsel's failure to object "constitute[d] a waiver," and the Weeks "cannot now complain that the notice of the second sale was inadequate." *Id.* at 178.

¶17     The Weeks' attorney in *Anchor Savings & Loan* had actual notice of the circuit court's ruling regarding notice, but he did not object to that ruling until after the second sheriff's sale had already taken place.  Similarly, in this case, it is undisputed that River Valley Bank's July 6, 2018 letter to attorney Byrne provided him with actual notice that the sheriff's sale had been scheduled for July 31, 2018, and that the confirmation hearing had been scheduled for August 17, 2018.  Attorney Byrne was also aware, at the time of the confirmation hearing, that he had not received the notice required by WIS. STAT. § 846.165.  Despite this knowledge, neither attorney Byrne nor Gehring appeared at the confirmation hearing to object to the lack of notice or filed any written objection on that basis.  On these facts, we conclude as a matter of law that Gehring waived

her argument regarding the deficient notice of the confirmation hearing. Based on that waiver, the circuit court properly denied Gehring's motion to set aside the order confirming the sheriff's sale.

¶18 Gehring argues that if we conclude she waived her argument regarding the deficient notice of the confirmation hearing, our decision in this case will encourage plaintiffs in foreclosure actions to provide "statutorily deficient notice" and will allow them "to engage in deceitful conduct of circumventing statutory notice requirements in order to obtain a tactical advantage." She asserts that "[e]quity cannot dictate such an absurd result."

¶19 This argument, however, ignores the fact that Gehring and her attorney had actual notice of both the confirmation hearing and the insufficient statutory notice, but they nevertheless chose not to appear at the hearing in order to object on those grounds, nor did they file any written objection before the circuit court entered its order confirming the sheriff's sale. Had they done so, any issue regarding the insufficiency of the notice could have been resolved before the sheriff's sale was confirmed. Moreover, Gehring has not established that she was prejudiced in any way by the statutorily deficient notice of the confirmation hearing. She has not, for instance, shown that the notice's deficiency caused her failure to appear at the hearing or prevented her from otherwise objecting to the confirmation of the sheriff's sale. Under these circumstances, our conclusion that Gehring waived her argument regarding the deficient notice of the confirmation hearing is neither inequitable nor an absurd result.

¶20 Gehring also asserts—in conclusory fashion—that because she did not receive a notice of the confirmation hearing that complied with WIS. STAT. § 846.165, she was deprived of her right to procedural due process. This argument

9

misses the mark because the fundamental requirements of procedural due process are notice and an opportunity to be heard. *See Sweet v. Berge*, 113 Wis. 2d 61, 64, 334 N.W.2d 559 (Ct. App. 1983). Both of those requirements were satisfied here. Gehring's attorney received actual notice of the confirmation hearing, and either Gehring or her attorney could have appeared at that hearing and raised any objections to the confirmation of the sheriff's sale. As such, the mere fact that Gehring did not receive the notice specifically prescribed by § 846.165 does not convince us that she was deprived of her right to procedural due process. Accordingly—and for all of the reasons explained above—we affirm the circuit court's order denying Gehring's motion to set aside the order confirming the sheriff's sale.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] The parties' briefs also address whether Gehring, if successful on appeal, would be entitled to an award of damages on remand for the "fair market rent for the [mortgaged] property from the date the erroneous order confirming sale was entered and up and until the date that a properly noticed confirmation of sale hearing is held in the future." Because we affirm the circuit court's order denying Gehring's motion to set aside the order confirming the sheriff's sale, we need not address this additional issue. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).